MARIANNE L. BAKER, PROSECUTRIX, v. COURT OF SPECIAL SESSIONS IN AND FOR THE COUNTY OF ESSEX ET AL., DEFENDANTS.

Submitted May 7, 1940—Decided July 29, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutrix, *Pitney, Hardin & Skinner* (*H. Preston Coursen,* of the New York bar, on the brief).

For the defendants, *William A. Wachenfeld,* prosecutor of the pleas, and *Joseph E. Conlon,* assistant prosecutor.

The opinion of the court was delivered by

PARKER, J.  Prosecutrix was convicted in a summary proceeding in the Recorder's Court of the township of Millburn, in Essex county, of violating a speed regulation contained in the Traffic act, now *R. S.* 39:4-98, the pertinent language of which is as follows: "Subject to the provisions of section 39:4-96 of this title * * *, it shall be *prima facie* lawful for the driver of a vehicle to drive it at a speed not exceeding the following: * * * f. Twenty miles an hour in a residence district * * *." The following section, 39:4-99 provides that "it shall be *prima facie* unlawful for a person to exceed any of the foregoing speed limitations."

The following facts are undisputed: Prosecutrix was driving her car on a road called Hobart avenue, in the Short Hills district of Millburn, at a speed of thirty-two miles an hour. She was driving carefully so far as appears, and on a roadway that was then practically clear. The locality was zoned as "residential." She was stopped by an officer, who served a Police Court summons, and following a trial the court found her guilty of violating the statute, and imposed a nominal fine and $1 costs. There was an appeal to the Court of Special Sessions and a trial *de novo,* pursuant to the statute as amended in *Pamph. L.* 1933 (at *pp.* 198, 200), and a conviction again in that court. To review this conviction the present writ was allowed.

The case is submitted on briefs without oral argument. Nine "reasons" were filed, but none is specifically quoted in the brief for prosecutrix. The argument revolves, however, around two points, which are included in the reasons. The first point is that the proof did not show that the occurrence was "in a residence district," but rather showed the contrary,

and that the complaint should have been dismissed on that ground: and the second point is that the phrase *"prima facie unlawful"* connotes immunity from prosecution under the act if the evidence shows that notwithstanding the twenty-mile limit, due care was exercised in the act of driving.

In the first point we find little or no difficulty. As pointed out in the brief, the statute itself defines "residence district" as "the territory contiguous to a highway not comprising a business district when the frontage on the highway for a distance of 300 feet or more is mainly occupied by dwellings, or by dwellings and buildings in use for business." The evidence showed without contradiction that the section of Hobart avenue comprising the *locus in quo,* and shown on the map that was put in evidence, is about one-third of a mile long, somewhat sparsely built upon, with a total of ten private residences, and no business buildings of any kind; apparently it would be colloquially known as a residential section. and actually it was so zoned. It is argued, however, that the words "mainly occupied" in the act mean that over fifty per cent. of the total frontage should be actually covered by buildings; but we are unable to take that view of the matter. If it were to prevail, it would mean that where a locality had been laid out into a series of large and handsome places, with average frontage of say 200 feet each, one house on each lot, it could not be classed as "residential" in the intendment of the statute, unless more than fifty per cent. of the total frontage was occupied by residences. We think the evidence satisfactorily showed a residential status in the intendment of the statute.

The disposition of the second point turns on the answer to the question whether by using the phrase *"prima facie* unlawful" in connection with exceeding a speed of so many miles an hour under certain conditions, the legislature intended to open the door to driving at any such speed as a driver deems, and a court on the evidence finds, "reasonable and proper, having due regard to the traffic" and other conditions. *R. S.* 39:4-97. Pushed to its logical result, this would mean that while the maximum speed permitted under any conditions is forty miles per hour, a speed of say 100 miles an hour on a

straight open road would not be necessarily unlawful. A number of cases from other states are cited, and have been considered. As we read them, however, the offense charged and considered in each is reckless and imprudent driving, rather than exceeding the statutory speed, as in this case, and under the various statutes on which those decisions are based, the act of exceeding the speed limit is merely declared to be *"prima facie* but not conclusive evidence of a violation of this section;" that is, as we understand it, evidence of criminally reckless driving, and not itself an unlawful act. But under our statute the offense itself is exceeding the speed limit, though the last sentence of *R. S.* 39:4-98 makes it unlawful to drive at "unsafe speed" even within the statutory limits.

The question is, then, as we have said, what did the legislature mean by the phrase *"prima facie* unlawful?" It will be observed that by *R. S.* 39:4-96 the offense of "furious driving" or reckless driving is expressly considered and described, and the limits of punishment fixed. The mere offense of exceeding speed limits is treated in a separate place, in language which gives no hint of carelessness as a necessary or presumed element of the offense. It is *"prima facie* lawful"* to drive within the statutory speed limit, though the driver may still be liable for reckless driving in a proper case. What, then, did the legislature contemplate as an excuse, or an exception, or a defense, in a case where the speed limit is exceeded? We think the correct answer is given in the brief for the state, citing *R. S.* 39:4-80, 101 and 103: "It being shown *prima facia* that the speed * * * was unlawful * * * [the defendant] may rebut this presumption of unlawfulness by showing, for example, that he was on a portion of speedway so dedicated; or that he was driving in a military service for official purpose in time of riot, insurrection or invasion; or, that he was a motor vehicle inspector or an officer in pursuit of a violator; or, more important, that he was under the direction of a traffic or police officer."

We find no error, and the conviction under review is therefore affirmed, with costs.