RESOLUTE INSURANCE COMPANY *v.* MARSHALL.

1. AUTOMOBILES—SPEED—RESIDENCE DISTRICT—QUESTION OF FACT.
    Whether or not a district is a residential district within meaning
    of statute limiting speed of vehicles in a residence district
    "when the frontage on such highway for a distance of 300 feet
    or more is mainly occupied by dwellings or by dwellings and
    buildings in use for business" is a question of fact to be de-
    termined by the trier of the facts and is not to be determined
    alone by the proportion of space devoted to buildings only
    (CLS 1956, §§ 257.51, 257.627).

2. SAME—SPEED—NEGLIGENCE.
    A motorist who is involved in an accident while travelling at a
    speed in excess of that permitted by statute is guilty of neg-
    ligence per se (CLS 1956, §§ 257.51, 257.627).

3. SAME—SPEED—RESIDENCE DISTRICT—FINDING OF FACT—PREPON-
    DERANCE OF EVIDENCE.
    A trial court's finding that district in which plaintiff's insured
    subrogor sustained an accident while travelling at a speed
    of from 50 to 55 miles per hour was a residential district
    within meaning of statute limiting speed of vehicles to 25 miles
    per hour therein, being supported by competent evidence, is not
    disturbed, where the evidence does not preponderate in the
    opposite direction (CLS 1956, §§ 257.51, 257.627).

4. SAME—CONTRIBUTORY NEGLIGENCE—RESIDENCE DISTRICT—SPEED.
    Plaintiff insurer's subrogor was properly found guilty of con-
    tributory negligence, by trial court in nonjury case, where it
    appears he was travelling at speed of 50 to 55 miles per
    hour in a residence district when he collided with milk truck
    which failed to stop before entering public highway from a
    private driveway (CLS 1956, §§ 257.51, 257.627, 257.652).

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 39.
[2] 5A Am Jur, Automobiles and Highway Traffic § 288.
[3] 3 Am Jur, Appeal and Error § 900.
[4] 5A Am Jur, Automobiles and Highway Traffic § 710.

Appeal from Eaton; McDonald (Archie D.), J. Submitted October 18, 1957. (Docket No. 92, Calendar No. 47,319.) Decided November 26, 1957. Rehearing denied December 23, 1957.

Case by Resolute Insurance Company, a foreign corporation, subrogee of Melvin Shaver, against Robert Dale Marshall and Rex Turner for property damage resulting from automobile collision. Judgment for defendants. Plaintiff appeals. Affirmed.

*Sinas, Dramis & Brake (Judson M. Werbelow,* of counsel), for plaintiff.

*Robert C. Carr,* for defendants.

SHARPE, J.  This case involves the question of what is a residential area as defined by CLS 1956, § 257.51 (Stat Ann 1952 Rev § 9.1851). The statute defines it as follows:

" 'Residence district' means the territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business."

Plaintiff insurance company, subrogee of Melvin Shaver, brings an action against defendants in the amount of $1,047.82, arising out of an accident which occurred on May 5, 1955, at about 12:30 noon. At the time in question Melvin Shaver was driving east on Carlisle road in Eaton county, and at a distance of about a city block east of Lacey Lake road his car came into contact with a truck driven by Robert Dale Marshall and owned by Rex Turner. The Shaver car was damaged to the extent of approximately $1,000. The record shows that at the time of the collision the Shaver car was being driven at a speed

of 50 to 55 miles per hour. When he was about 20 feet from a driveway on the south, a milk truck driven by Robert Dale Marshall came out onto the highway. The driver of the truck did not stop as he entered the highway,* but proceeded at a speed of about 2 miles per hour. The truck was about 3 feet into the highway when the Shaver car collided with it.

Because of the issue involved it becomes necessary to give a more detailed description of the area where the cars collided. The area is known as Carlisle and is an unincorporated area. Carlisle highway bisects this community and runs east and west. This highway is intersected by Lacey Lake road which runs north and south. Both highways are gravel roads. The traveled portion of Carlisle highway where the collision occurred is wide enough for 2 cars. East of Lacey Lake road there are 2 houses to the north and 2 houses to the south. These houses are within an area of less than 300 feet. A short distance to the east of the above-mentioned houses are 2 more houses on the north side of Carlisle highway and 1 on the south. All of the dwellings have lawns and gardens, and along the highway are trees and shrubs.

The cause came on for trial and was heard by the court sitting without a jury. At the conclusion of the trial the court entered a judgment in favor of defendants, and in an opinion stated:

"The court is of the opinion that, as indicated, the area in question is a residential area, and that the driver of the car for which suit is brought violated the State statute and that the speed at which the plaintiff was driving, together with the other facts described, constitute contributory negligence."

* See PA 1949, No 300, § 652 (CLS 1956, § 257.652, Stat Ann 1952 Rev § 9.2352).—Reporter.

Plaintiff appeals and urges that "dwellings or by dwellings and buildings in use for business" means the measured frontage of the physical structure only and does not include yards, lawns and gardens. Plaintiff relies upon *Volland* v. *McGee,* 238 Wis 598, 601 (300 NW 506), where the court said:

"Although the accident occurred in the unincorporated village of Keshena, it did not occur in a residential district as defined by section 85.10(29) [Wis Stat Ann], and interpreted in *McGill* v. *Baumgart,* 233 Wis 86 (288 NW 799). That case held that a mathematical summation of the frontage, meaning space in front of buildings only without regard to the surrounding grounds, must amount to more than 50% before the area is residential within the meaning of the statute. The facts of this case do not fall within that requirement, so the instruction that the scene of the accident was a residential area was erroneous. That it was prejudicial cannot be questioned since the instruction related to an element of negligence of which appellant was found guilty."

Plaintiff also relies on *Floeck* v. *Hoover,* 52 NM 193, 199 (195 P2d 86), where the Court said:

"The proof shows that there are 3 residential houses behind the station from 250 to 900 feet back from the highway, with only one of them facing in the direction of the highway. The burden of proof was upon the plaintiff to show by actual measurements that the area occupied by the buildings, *to the exclusion of the vacant yard space,* was more than 50% of the 300 feet area. He failed to meet such burden, and, following the reasoning of the Wisconsin courts, the court did not err in refusing to give the tendered instruction."

We are not in accord with the theory advocated by plaintiff. If such theory were to prevail the speed limit of an area would be regulated by the wishes of the property owners in the construction

of their homes. If such owners had a small frontage, then the statute would apply, but if the home owners had large frontage, then the statute would not apply. The rule adopted in Michigan to determine if a district is a residential district becomes a question of fact to be determined by the trier of the facts. See *White* v. *Vandevelde,* 284 Mich 669; *DeVries* v. *Ownes,* 295 Mich 522; *Wallace* v. *Kramer,* 296 Mich 680.

In the case at bar it is conceded that plaintiff was traveling at a speed of 50 to 55 miles per hour, and in violation of the speed required in a residential district. It is the rule that speed in excess of the statutory speed limit* is negligence per se. See *Smith* v. *Ormiston,* 242 Mich 600. The trial court found as a fact that the district was a residential district. There is competent evidence to support this conclusion; moreover, we do not reverse in such cases unless the evidence preponderates in the opposite direction, see *Schneider* v. *Pomerville,* 348 Mich 49. It follows that the trial judge was justified in finding that plaintiff's driver was guilty of contributory negligence.

The judgment is affirmed, with costs.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.

* See PA 1949, No 300, § 627 (CLS 1956, § 257.627, Stat Ann 1952 Rev § 9.2327).—REPORTER.