# Richmond

## MAE C. THOMS v. ARLEEN DOWDY.

March 7, 1960.

Record No. 5043.

Present, All the Justices.

The opinion states the case.

*E. Marshall Frost* (*William W. Sweeney*, on brief), for the plaintiff in error.

*William Rosenberger, Jr.*, (*Perrow & Rosenberger*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Arleen Dowdy, hereinafter referred to as the plaintiff, while riding in a car driven by Mae C. Thoms, hereinafter referred to as the defendant, was injured when that car collided with another driven by Oleanda Scott at a street intersection in the city of Lynchburg. In an action for damages for her injuries the plaintiff recovered a verdict and judgment of $18,000 in the court below against the defendant, Thoms, who appeals claiming that the lower court erred in (1) ruling that the scene of the collision was a "residence district" as defined in Code, § 46.1-1(24), and instructing the jury that the maximum permitted speed there was 25 miles per hour; (2) ruling and instructing the jury that the plaintiff was a paying passenger and not a guest in the defendant's car; and (3) refusing to sustain the defendant's motion to set aside the verdict on the ground that it was excessive.

The plaintiff and the defendant worked for the same employer in the city of Lynchburg and lived on the Leesville Road outside the city. Beginning about a month prior to the accident the defendant had customarily given the plaintiff a ride home from the place of their employment each evening at the end of the day's work. The defendant made no charge for this transportation but the plaintiff gave her twenty cents at the end of each trip. According to the testimony of the defendant, she accepted this payment as "bus fare to help cover the expenses." At the time of the accident the plaintiff was a passenger in the car pursuant to this arrangement. The defendant had as passengers other co-workers at her place of employment upon the same or similar terms.

The collison occurred on July 22, 1958, at approximately 4:06 p. m., when the weather was clear and the street dry. The Thoms' car was proceeding westwardly along Pierce street and when it reached the intersection of Thirteenth street, at which there was no traffic light or control, it collided with the Scott car which was being driven northwardly along the latter street. Both vehicles were badly damaged and the plaintiff was injured in the collision. There was evidence on behalf of the plaintiff that just before the collision the defendant's car was traveling at from "35 to 40 miles an hour." The defendant fixed her speed "somewhere between 15 and 18 miles an hour."

The plaintiff contended, and the court ruled, that the scene of the accident was a "residence district" as defined in Code, § 46.1-1(24). Over the objection of the defendant, it instructed the jury that "at the time and place that this collision occurred," it was the defendant's duty not to drive her car in excess of 25 miles per hour. The

defendant insists that the scene was not a "residence district" and that the maximum permitted speed limit was 35 miles per hour. Code, § 46.1-193(f)(3).

Code, § 46.1-1(24), defines a residence district as "The territory contiguous to a highway not comprising a business district where seventy-five per centum or more of the total frontage, on both sides of the highway, for a distance of three hundred feet or more is occupied by dwellings or by dwellings and buildings in use for business purposes." The maximum permitted speed limit in such a district is 25 miles per hour. Code, § 46.1-193(f)(2).

The evidence is that the block on Pierce street, from Fourteenth to Thirteenth street, the direction is which the Thoms' car was proceeding, is 330 feet in length. On the north side there are six dwellings and a church meeting house. On the south side there are four dwellings, a store and a church. Classifying the church and meeting house building as those "in use for business purposes," as the lower court did, all of the buildings on both sides of Pierce street for a distance of 300 feet or more from Thirteenth Street, the place where the collision occurred, are either dwellings or buildings used for business purposes. While there are no vacant building sites on either side of the street the buildings do not extend along or cover the entire frontage of the respective lots and there are open spaces between them. But except for a single store building on the southeast corner of Pierce and Thirteenth streets, the evidence dos not show the frontage of the several buildings along the street.

The lower court ruled that in determining whether this was a residence district within the meaning of the statute, "there should be counted not merely the number of feet of land upon which the building sits but all the rest of the frontage of the city lot upon which the building is located and which land is used as appurtenant to the building in and about the use and enjoyment of the building, land that is a part of the curtilage of the building." In short, the lower court held that the requirement of the statute is met if 75% of the frontage of 300 feet consists of lots or building sites on which are located buildings devoted to the prescribed uses. Under this interpretation of the statute it concluded that more than 75% of the total frontage on both sides of the street, for a distance of 300 feet or more, is "occupied" by dwellings or by dwellings and buildings in use for business purposes, and hence this is a residence district within the meaning of the statute.

We do not agree with this interpretation of the statutory defini-

tion. The purpose of the statute is to restrict the speed of a motor vehicle where the prescribed frontage along a street or highway is built up, that is, actually "occupied" or covered by buildings used for the stated purposes, a situation obvious to a driver. The determinative factor in the definition is the percentage of the frontage which is "occupied" or covered by buildings devoted to the stated purposes. Thus, in determining whether 75% of the total frontage is so "occupied," the total frontage of the buildings is to be considered because to that extent the frontage is "occupied" or covered by such buildings. But open spaces between the buildings fronting on a street or highway are not to be considered because they are not "occupied" by such buildings within the meaning of the definition.

Courts of other jurisdictions which have considered similar statutes have almost without exception adopted the same view. See Hinson v. Dawson, 241 N. C. 714, 86 S. E. 2d 585, 50 A. L. R. 2d 333; McGill v. Baumgart, 233 Wis. 86, 288 N. W. 799; Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So. 2d 289; Floeck v. Hoover, 52 N. M. 193, 195 P. 2d 86; Krepcik v. Interstate Transit Lines, 154 Neb. 671, 48 N. W. 2d 839; Marshall v. Mullin, 212 Or. 421, 320 P. 2d 258. Contra, Resolute Insurance Co. v. Marshall, 350 Mich. 218, 86 N. W. 2d 313; Baker v. Court of Special Sessions, 125 N. J. L. 127, 15 A. 2d 102. But see the later case of State v. Zeus, 56 N. J. Super. 323, 152 A. 2d 865, which conforms to the majority view.

Since, in the present case, the evidence fails to show that 75% or more of the total frontage, on both sides of the street, for a distance of 300 feet or more "is occupied" by the type of buildings prescribed in Code, § 46.1-1(24), the lower court erred in ruling that the scene of the accident was a "residence district" as defined in that section and in instructing the jury that the maximum permitted speed limit there was 25 miles per hour. Inasmuch as there is no contention that the area was a "business district" (Code, § 46.1-1(1) ) with a like restricted speed limit of 25 miles per hour, and there is no evidence of any local ordinance restricting the speed in the area, the defendant was permitted to drive there at a maximum speed of 35 miles per hour. Code, § 46.1-193(f)(3).

Clearly the lower court was right in holding that under the circumstances related the plaintiff was a paying passenger and not a guest while riding in the defendant's car. See Davis v. Williams, 194 Va. 541, 74 S. E. 2d 58; Gammon v. Hyde, 199 Va. 918, 103 S. E. 2d 221.

Since there must be a new trial it is unnecessary that we consider the appellant's contention that the verdict was excessive.

For the error of the lower court in ruling that the scene of the accident was a residence district, and in instructing the jury that the maximum permitted speed limit there was 25 miles per hour, the judgment will be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*