STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GEORGE HALLIDAY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 18, 1961—Decided September 29, 1961.

Before Judges GAULKIN, KILKENNY and HERBERT.

*Mr. Ralph J. Pocaro* argued the cause for the defendant.

*Mr. John J. Dugan,* Assistant Prosecutor, argued the cause for the respondent (*Mr. H. Douglas Stine,* Union County Prosecutor, attorney).

The opinion of the court was delivered by

GAULKIN, J. A. D.   Defendant was convicted of driving 37 miles per hour on Morris Avenue in Elizabeth, in a residence district in which the speed limit is 25 miles per hour (*N. J. S. A.* 39:4–98), and he appeals.   He admits he drove at that speed, but he denies he was in a residence district.

A residence district is defined in *R. S.* 39:1–1, as amended by *L.* 1951, *c.* 25, as follows:

" 'Residence district' means that portion of a highway and the territory contiguous thereto, not comprising a business district, where within any 600 feet along such highway there are buildings in use for business or residential purposes which occupy 300 feet or more of frontage on at least 1 side of the highway."

■ Defendant contends that the 600 feet to be considered must be 600 feet travelled by him within which he is alleged to have exceeded the speed limit.   He had been traveling south on Morris Avenue, from Union into Elizabeth.   The Union-Elizabeth boundary was about 750 feet north of the point at which he was stopped for speeding, and he maintains that in no 600 feet of that 750 feet were there "buildings in use for business or residential purposes which occupy 300 feet or more of frontage on at least 1 side of the highway."   However, the statute does not require that all of the "600 feet along such highway" or the 300 feet of "buildings in use for business or residential purposes" must be in the area traversed by the defendant.

As we have seen, *N. J. S. A.* 39:1–1 defines a residence district as one "where within *any* 600 feet along such highway there are buildings in use for business or residential purposes which occupy 300 feet" (Emphasis ours)   Therefore, if a motorist enters a residence district and penetrates it for even a short distance at a speed of more than 25 miles per hour, he exceeds the speed limit.   In *Melone v. Jersey Central Power & Light Co.*, 30 *N. J. Super.*

95 (*App. Div.* 1954), affirmed 18 *N. J.* 163 (1955), an accident happened at an intersection. Photographs had been offered in evidence to prove that the accident had happened in a residence district. It was disputed whether the photographs showed the condition of the highway looking north or south. The court said that since there was testimony that the area "looks pretty much the same in both directions at that point in the highway," it made no difference whether the photographs showed the highway in the direction in which the defendant intended to travel or in the area he had already travelled. See Annotation, 50 *A. L. R.* 2d 343, 350, 352 (1956); *cf. Roberts v. Taylor,* 339 *S. W.* 2d 653 (*Ky. Ct. App.* 1960); *Utility Trailer Works v. Phillips,* 249 *Ala.* 61, 29 *So.* 2d 289 (*Sup. Ct.* 1946); *McIntyre v. O. B. West Co.,* 225 *Iowa* 739, 281 *N. W.* 353 (*Sup. Ct.* 1938); *Hill v. Fresno County,* 140 *Cal. App.* 272, 35 *P.* 2d 593 (*D. Ct. App.* 1934).

In the case at bar, the first house on the east side of Morris Avenue passed by defendant was #577, about 220 feet south of the Union-Elizabeth line, and he was stopped in front of #539-541, about 530 feet further south. There may not have been 300 feet of buildings in use for business or residential purposes in any 600 feet of Morris Avenue to the point where he was stopped, but in the 600 feet south of #577 (which included about 70 feet beyond the point where he was stopped) there were such buildings occupying more than 300 feet of frontage on the east side of Morris Avenue. Those 600 feet therefore constituted a residence district, and since defendant drove 37 miles per hour therein, he was guilty as charged.

Defendant argues also that "*R. S.* 39:1-1 'residence district' incorporated in *R. S.* 39:4-98(b) violates the New Jersey and United States Constitution." Under this head defendant argues first that *N. J. S. A.* 39:1-1 makes it so unclear where to begin the measurement of the 600 feet as to make the statute unconstitutionally vague and indefinite.

We disagree. *Cf. Melone v. Jersey Central Power and Light Co., supra.*

Defendant's second argument is:

"In order for a motorist to ascertain the speed in a given area he must look ahead and determine whether or not there are 300 feet of building frontage within 600 feet of highway frontage. This imposes an undue burden and hardship on the motorist."

We perceive no merit in this point. It may be true that it is often difficult, and impossible at times, for a motorist to tell at a glance whether the residence and business buildings within the next 600 feet occupy more than 300 feet of frontage on one side, but that does not make the statute constitutionally deficient. *Cf. State v. Joas,* 34 *N. J.* 179 (1961).

The judgment is affirmed.