STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. VINCENT J. FORSCHINO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 19, 1968—Decided March 4, 1968.

Before Judges CONFORD, COLLESTER and LABRECQUE.

*Mr. Arthur Rosenberg* argued the cause for defendant (*Mr. John P. Palmisano,* attorney).

*Mr. Marino Tedeschi,* Assistant Prosecutor, argued the cause for respondent (*Mr. John G. Thevos,* County Prosecutor, attorney).

The opinion of the court was delivered by

COLLESTER, J. A. D. Defendant appeals from a conviction following a *de novo* trial in the Passaic County Court, for having operated his motor vehicle in excess of 25 m.p.h. in a business district on Beckwith Avenue, Paterson, in violation of *N. J. S. A.* 39:4–98(b).

The central issue on this appeal is whether Beckwith Avenue, at the point where the alleged violation occurred, is a "business district" where the statutory speed limit is 25 m.p.h.

*N. J. S. A.* 39:1–1, in pertinent part, defines a business district as follows:

" 'Business district' means that portion of a highway and the territory contiguous thereto, where within any 600 feet along such highway there are buildings in use for business or industrial purposes * * * which occupy at least 300 feet of frontage on one side or 300 feet collectively on both sides of the roadway."

The physical characteristics and building dimensions along Beckwith Avenue where the violation occurred are not in dispute. An overpass for Route 80 crosses the highway a short distance to the north. As a motor vehicle proceeding in a southerly direction emerges from beneath the overpass there are no buildings on the left or easterly side of the highway. On the right or westerly side is a large L-shaped industrial building which extends 630 feet in length and runs parallel to Beckwith Avenue. At its southerly end the main building (80 Beckwith Avenue), which forms the lower part of the "L", borders on the highway for a distance of 270 feet. The northerly portion or wing is set back 267 feet from the highway. There is a service road leading from the highway to the wing immediately adjacent to the Route 80 overpass. In front of the wing or set-back part of the building is a parking lot for employees enclosed by a wire fence.

On the date the speeding violation allegedly occurred Police Officer King was operating a radar machine in his patrol car, which was parked at the curb in front of the main building. As defendant's car approached from the north its speed, after emerging from beneath the overpass, was recorded at 41 m.p.h. The officer stopped defendant and issued a summons for having driven in excess of the 25 m.p.h. speed limit.

Defendant admitted he was driving his motor vehicle in excess of 25 m.p.h. However, his contention in the court below and on this appeal is that Beckwith Avenue, at this point, is not a "business district" within the definition of the statute.

■ Defendant first contends the trial court erred in denying his motion to dismiss the complaint at the close of the State's case. He argues there was insufficient evidence to show that there was more than 300 feet of industrial building frontage within 600 feet along Beckwith Avenue where the alleged violation occurred. We do not agree. The police officer estimated the frontage of the main building which borders on the highway to be 195 feet. His testimony and hand drawn diagram (P-1 in evidence) indicated that the wing or set-back building which adjoined the main building was part of an industrial complex which extended northerly from the main building to the service driveway — a distance estimated by the officer to be in excess of 200 feet. Thus, the officer's testimony showed that the industrial building complex preempted frontage along Beckwith Avenue of at least 395 feet. We note, parenthetically, that the officer's estimates of distance are low. A survey, produced by defendant (D-2 in evidence) shows that the main building borders on Beckwith Avenue for a distance of 270 feet, and that the distance from the main building to the service road is approximately 300 feet.

■ Defendant also claims that the trial court erred by including as "frontage" the wing or set-back part of the building. The merit of this argument should be appraised from the viewpoint of the purposes and objects of the statute, not by an over-technical definition of the words used. The limitation of allowable speed in business (and residence) zones was to promote the safety of people using the highways or living or working in relatively populous areas. *State v. Bastian*, 78 *N. J. Super.* 49, 57 (*Cty. Ct.* 1962). The concentrated presence of buildings contemplated by the statutory formula is presumed to be readily observable by a

driver. In this light, and consistent with the general purposes of the statute, this industrial building, readily observable by a driver in entirety notwithstanding the partial setback behind the appurtenant parking lot, can fairly be deemed to occupy street frontage for its entire length on or parallel to the building line.

Affirmed.