113 N.J. Super. 308 (1970)
273 A.2d 620
STATE OF NEW JERSEY, PLAINTIFF,
v.
MELINDA E. MUNDY, DEFENDANT.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided February 20, 1970.
*309 Mr. Peter DeSarno, Esq., Assistant Prosecutor, for the State (Mr. Edward J. Dolan, Prosecutor, attorney).
Mr. Sherwood H. Mundy, attorney for defendant.
BACHMAN, J.C.C.
Defendant was convicted of driving 36 miles an hour on Old Raritan Road between Inman Avenue and King Street in Edison. The State alleges this to be a residence district in which the speed limit is 25 miles an hour under N.J.S.A. 39:4-98. Defendant admits she drove at that speed but denies that the area involved is a "residence district." She maintains that in the area involved the speed limit is 50 miles an hour and that the conviction in the Municipal court of Edison for speeding was erroneous. Thus, the central issue on this trial de novo is whether Old Raritan Road, at the point where the alleged violation occurred, is a "residence district" where the statutory speed limit is 25 miles per hour. A residence district is defined in N.J.S.A. 39:1-1 as follows:
* * * that portion of a highway and the territory contiguous thereto, not comprising a business district, where within any 600 feet along such highway there are buildings in use for business on residential purposes which occupy 300 feet or more of frontage or at least one side of the highway.
Our speeding statute prescribes a maximum speed of 25 miles an hour for any "residence district." N.J.S.A. 39:4-98.
Defendant contends that the State has failed in its burden of proving that the area involved was in fact a residence district. *310 State v. Miller, 58 N.J. Super. 538 (Cty. Ct. 1959). Specifically, defendant avers that the prosecution has not shown that the area involved has "buildings" which occupy at least 300 feet of building frontage on at least one side of the highway to sustain the conviction.
The testimony and evidence given was essentially as follows: The State introduced into evidence a tax map showing the area involved. Police officer Cook testified that the alleged violation took place on Old Raritan Road in the section close to King Street and in the direction of Inman Avenue. He further testified that there were several homes occupied in the area in question, and that it was a residential area. He also testified that the area on the right hand side of Old Raritan Road between Webb and King Street was fully occupied by homes, and that this area was over 600 feet.
Defendant then produced one Jeney, a Metuchen real estate broker. He testified that he examined the area involved and found that the total length of the area between King Street to Inman Avenue was 611.65 feet. Jeney then testified that 60% of this area on one side had residences, but that their total structural frontage was less than 300 feet. He further testified that next 600 feet on the easterly side of Old Raritan Road from King Street to Webb Street was 100% residential but that the eight homes on that side had a total structural frontage of only 279.51 feet.
Defendant contends that the language in the pertinent statutory definition applied to building frontage rather than land frontage. Accordingly, she argues that the area in question did not meet the requisite 300 feet of building frontage on one side of the highway necessary for a conviction. She cites State v. Zeus, 56 N.J. Super. 323 (Cty. Ct. 1959), and State v. Bastian, 78 N.J. Super. 49 (Cty. Ct. 1962), as legal authority for that proposition.
In Zeus, supra the court ruled that the dimension of 300 feet in the residence district statute applied to the buildings only. This decision was reaffirmed by way of dictum in *311 Bastian. Although both Union County cases present an interesting interpretation to the statutory definition of "residence district," this court is of the opinion that it need not be bound by them. It is axiomatic that a County Court must take into consideration an opinion of another court of equal jurisdiction, but such opinion is not binding. State v. Patfol, Inc., 71 N.J. Super. 404, 408 (Cty. Ct. 1961), rev'd on other grounds 76 N.J. Super. 287 (App. Div. 1962); Ferraro v. Ferro Trucking Co., 72 N.J. Super. 519, 523 (Law Div. 1962); Wolf v. Home Insurance Co., 100 N.J. Super. 27, 35, 36 (Law Div. 1968).
This court holds that the Union County Courts have misconstrued what a "residence district" is under N.J.S.A. 39:1-1. The basis for their finding is found in a comment by Judge Clapp of the Appellate Division in Melone v. Jersey Central Power & Light Co., 30 N.J. Super. 95 (App. Div. 1954). In describing a residence district under N.J.S.A. 39:1-1 he said that "to constitute any 600 feet a residence district, there must be, at least, on one side of the street, for example 10 buildings, each averaging 30 feet front, each on a lot averaging 60 feet front, or, for example, 7 buildings, each averaging 43 feet front, each on a lot averaging 86 feet front." (At 100, emphasis supplied).
The appellate court was simply giving two illustrations of a "residence district" rather than indicating that it construes the statutory definition as only applying to measurement of buildings. To suggest that a street having 8 houses on one side, each averaging 35 feet front, each on a lot averaging 75 feet frontage, does not constitute a "residence district" under the statute is to give the statute so literal a reading as to require that this court wear blinders. This the court is clearly not permitted to do. This court is of the opinion that it must read the Motor Vehicle Act sensibly and avoid absurd consequences; it must presume the legislative intent to be "consonant to reason and good discretion." Schierstead v. Brigantine, 29 N.J. 220, 230 (1959).
*312 In Baker v. Court of Special sessions, 125 N.J.L. 127 (Sup. Ct. 1940), the court found a section of a street about one-third of a mile long with a total of ten private residences, which was colloquially known as a residential section and zoned residential, to be a "residence district" under the earlier statute. The definition at that time was: "the territory contiguous to a highway not comprising a business district when the frontage on the highway for a distance of three hundred feet or more is mainly occupied by dwellings, or by dwellings and buildings in use for business." The court rejected the argument that the words "mainly occupied" meant over 50% of the total frontage should actually be covered by buildings. The court said that if that argument were to prevail, "it would mean that where a locality had been laid out into a series of large and handsome places, with average frontage of say 200 feet each, one house on each lot, it could not be classed as `residential' in the intendment of the statute, unless more than 50 per cent of the total frontage was occupied by residences. We think the evidence satisfactorily showed a residential status in the intendment of the statute." (At 129)
The court in Zeus, supra, held that the present statutory definition required it to reject the reasoning of the Baker case. The Union County Court found that change was necessary to modernize our traffic rules to meet the ever-changing traffic situation. Our traffic laws must keep up with the times, but the requirement of 300 feet of building frontage does not aid in such an aim. It would necessitate going through the burdensome requirements of N.J.S.A. 39:4-98 to get a 25 miles an hour speed limit in many residential areas where homes owners have the good fortune of having large lots, or where some blocks of the street do not conform to the requirements set forth in Zeus.
In State v. Halliday, 69 N.J. Super. 180 (App. Div. 1961) the court, in interpreting the statutory definition of "residence district," held that the "statute does not require that all of the `600 feet along such highway' on the 300 feet of *313 `buildings in use for business or residential purposes' must be in the area traversed by the defendant. [I]f a motorist [defendant] enters a residence district and penetrates it for even a short distance at a speed of more than 25 miles per hour, he exceeds the speed limit." [At 182] In Halliday, the court had before it the following facts:
In the case at bar, the first house on the east side of Morris Avenue passed by defendant was #577, about 220 feet south of the Union-Elizabeth line, and he was stopped in front of #539-541 about 530 feet further south. There may not have been 300 feet of buildings in use for business or residential purposes in any 600 feet of Morris Avenue to the point where he was stopped, but in the 600 feet south of #577 (which included about 70 feet beyond the point where he was stopped) there were such buildings occupying more than 300 feet of frontage on the east side of Morris Avenue. Those 600 feet therefore constituted a residence district, and since defendant drove 37 miles per hour therein, he was guilty as charged". [at 183]
It is this court's view that such a commonsense and realistic approach must be applied in the matter at bar. The court takes note that in State v. Forschino, 99 N.J. Super. 401 (App. Div. 1968), the appellate court factually used part of a commercial building, which was set back from the roadway 267 feet in order to satisfy the 300 foot frontage requirement of the business district definition in N.J.S.A. 39:1-1, to sustain a conviction. Judge Collester indicated the statutory purpose:
Defendant also claims that the trial court erred by including as "Frontage" the wing or set-back part of the building. The merit of this argument should be appraised from the viewpoint of the purposes and objects of the statute, not by an over-technical definition of the words used. The limitation of allowable speed in business (and residence) zones was to promote the safety of people using the highways or living or working in relatively populous areas. [at 404]
Accordingly, this court finds that the 300-foot frontage requirement of N.J.S.A. 39:1-1 for "residence district" simply means that 300 feet of the 600 feet on one side of the highway must be used for residential purposes, and that *314 the 600-foot requirement is met when part of the highway is shown to be a residence district. Since 60% of the area on one side of Old Raritan Road between King Street to Inman Avenue is used for residential purposes, and 100% of the area between King Street to Webb Street on one side is also used for residential purposes, total area in question is a residence district within the purview of the speeding statute. Accordingly this court finds defendant guilty and imposes a fine of $10 and $5.00 costs to the Edison Township Municipal Court, and $7.75 costs to this court.