70 N.J. Super. 84 (1961)
174 A.2d 918
STATE OF NEW JERSEY, PLAINTIFF,
v.
A & D TRUCKING CO., INC., DEFENDANT.
Superior Court of New Jersey, Middlesex County Court.
Decided October 20, 1961.
*85 Mr. Peter Cascone argued the cause for the plaintiff (Mr. David D. Furman, Attorney General for the State of New Jersey, attorney).
Messrs. Farrell & Eynon, attorneys for defendant.
MOLINEUX, J.C.C.
This matter is an appeal by the defendant from a verdict of guilty rendered by the Municipal Court of the Township of Woodbridge on a charge of violation of the provisions of N.J.S.A. 39:3-84, limiting the outside width of motor vehicles operated on the highways of this State.
The facts are not in dispute. On May 6, 1961 defendant corporation was operating a tractor-trailer on Route 1 in Woodbridge Township. The tractor-trailer had a width of 96 inches. Loaded thereon was a structural concrete pipe extending beyond each side of the truck a distance of 2 inches. Thus, the overall width of the truck, the trailer and the load, was 100 inches.
The defendant was found guilty by the court below. The single question for the court is whether or not the limitation of 96 inches set forth in the first paragraph of N.J.S.A. 39:3-84 is to be construed to include the load or only the actual vehicle.
The prohibition of N.J.S.A. 39:3-84 applies to a commercial motor vehicle, tractor, trailer, or semi-trailer. N.J.S.A. 39:1-1 defines a motor vehicle, a truck tractor, a trailer, a semi-trailer and a truck. All of these definitions refer to the vehicle as such without including therein any load which any of them may be carrying. Giving to the words of N.J.S.A. 39:3-84 the definitions required by N.J.S.A. 39:1-1 leads immediately to the conclusion that the prohibition of the statute as to the width applies only to the vehicle without reference to any load it may be carrying.
Such conclusion requires a dismissal, finding the defendant not guilty.
*86 This conclusion is strengthened by the fact that other paragraphs of N.J.S.A. 39:3-84, in referring to the measurements of a vehicle, expressly include the load. Thus the third paragraph refers to a "tractor and semitrailer combination not in excess of a total over-all length inclusive of load." Further on in the same paragraph, reference is made to the "total over-all length * * * inclusive of load." In the last paragraph of the section, reference is made to motor vehicles "carrying loads extending beyond the outside dimensions of the vehicle." It is apparent that the Legislature was aware that a load on a motor vehicle might well extend beyond the side or end of the vehicle, and provided for the regulation of such extensions. Its failure to refer to any load in fixing the limits of the width of the vehicle to 96 inches, as provided for in the first paragraph of section 84, leads to the inevitable conclusion that such paragraph refers only to the vehicle without regard to the load.
The Attorney General argues with force that a reading of the entire statute shows that its purpose was to prevent damage to the State's highways and highway structures, and to insure safe operation of vehicles on our highways, and that such patent purpose requires that the provisions of the first paragraph of section 84 be interpreted so as to include the load in the prohibition as to width. However, the statute is penal in nature. Section 84.3 provides for a fine of not less than $200 nor more than $500 for the first offense and subjects the owner to a revocation of the registration of the vehicle in question. In the light of these penalties, we believe that the statute should be strictly construed.
The conviction of the defendant in the court below is reversed and the defendant is discharged.