71 N.J. Super. 404 (1961)
176 A.2d 837
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PATFOL INC., DEFENDANT-APPELLANT AND VINCENT SULLIVAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided December 20, 1961.
*405 Mr. Justin P. Walder, Law Assistant, appeared for plaintiff (Mr. David D. Furman, Attorney General, attorney)
Mr. Philip C. Geibel, attorney for defendants.
SCHULMAN, J.C.C.
This is an appeal from two convictions rendered by the Hudson County District Court whereby defendants Patfol Inc. and Vincent Sullivan were found guilty of operating an overwidth vehicle in violation of N.J.S.A. 39:3-84. Since the issue presented in both cases was similar, the matter was consolidated in the Hudson County District Court. The court imposed a fine of $200 upon each defendant.
The facts in the above matter have been stipulated for the purpose of this appeal. The defendant Patfol Inc. was issued a complaint charging a violation of N.J.S.A. 39:3-84 while one of its commercial vehicles was operating on Route 1 on May 16, 1961. The width of the vehicle in question, together with its load which extended beyond the outside dimensions of the vehicle, was 106 inches. The defendant Vincent Sullivan was issued a complaint charging a violation of N.J.S.A. 39:3-84 for operating a vehicle on Route 440 on June 7, 1961. The width of the vehicle in question inclusive of load was 100 inches. Both *406 of the above vehicles were within the 96-inch prohibition of N.J.S.A. 39:3-84. The summonses were issued in the above matters by a motor vehicle inspector in accordance with N.J.S.A. 39:3-84.3. It was conceded at the trial of this case that the load on each vehicle consisted of cement pipes some 36 inches in diameter which were loaded on the vehicle at right angles to the road.
The question to be decided by the court is whether or not the limitation of 96 inches of the width of any vehicle as set forth in the first paragraph of N.J.S.A. 39:3-84 is to be construed to include the load or only the actual vehicle.
The statute in question as to the width of any vehicle is stringent. It even prohibits the Board of Public Utilities from authorizing any vehicle in excess of 96 inches unless (1) upon certification that said width is not unsafe and (2) not in conflict with the United States Government rules and regulations. With reference to the length of a vehicle, the statute provides for total overall length of 50 feet, inclusive of load, except for vehicles carrying loads incapable of dismemberment not exceeding 70 feet, excepting utility companies. The statute further provides for a red flag by day and a red light by night on vehicles carrying loads extending beyond the rear of said vehicle. One may wonder if this regulation applies to a vehicle carrying a load higher than 13 1/2 feet and wider than 96 inches as prohibited by this section.
It is clear that the Legislature, in limiting the height, length, width and weight of commercial vehicles, not only sought to prevent damage to the state highways and highway structures, but also to insure the safe operation of vehicles on the highways of this State. State v. Gratale Bros. Inc., 26 N.J. Super. 581 (App. Div. 1953); State v. Metropolitan Iron and Steel Co., 62 N.J. Super. 412 (Law Div. 1960).
It is fundamental that all statutes are to be construed so as to give effect to the intent of the Legislature. *407 In Sperry and Hutchinson Co. v. Margetts, 15 N.J. 203, 209 (1954), the court stated:
"The particular words are to be made responsive to the reason and spirit of the enactment. Wright v. Vogt, 7 N.J. 1 (1951). The purpose of construction is to bring the operation of the statute within the apparent intention of the Legislature."
In the quest for legislative intention, the letter of the law should yield to the rationale of the exception. As the court stated in Alexander v. New Jersey Power and Light Company, 21 N.J. 373, 378 (1956):
"It is not the meaning of isolated words, but the internal sense of the law, the spirit of the correlated symbols of expression, that we seek in the exposition of a statute. The intention emerges from the principle and policy of the act rather than the literal sense of particular terms, standing alone."
The defendant argues that the statute, being penal in nature, should be strictly construed. That is, the width of the vehicle being 96 inches, there is no prohibition in the statute governing the width of the load.
Such a construction ignores the realities of the situation. It is a matter of common knowledge, and the court may take judicial notice, that loads usually and invariably extend out through the rear of a vehicle. It is also a matter of common knowledge that using safety precautions as directed by N.J.S.A. 39:3-84, the extension of a load in the rear of a vehicle would not be unduly hazardous, as roads are not circumscribed as to length.
However, an extension of a load from the side of a vehicle presents an entirely different situation. Thoroughfares are usually marked off in lanes and these lanes are circumscribed as far as width is concerned. The hazard to approaching or passing vehicles by a load extending beyond the sides of a vehicle, 96 inches in width, is self-evident.
The court has been advised by counsel that there is a County Court opinion, State v. A. & D. Trucking Co. *408 Inc., 70 N.J. Super. 84 (1961), where the court held that the prohibition of the statute referred to above as to the width applies only to the vehicle without reference to any load it may be carrying. This court is duty-bound to take into consideration the opinion of another court of equal jurisdiction. However, said opinion is not binding on this court.
The court from its consideration is constrained to find a different result. In this court's opinion, the strict interpretation of the statute in its context prohibits the width of a vehicle with or without a load. This court holds that a vehicle on a highway with or without a load over 96 inches in width is a violation under N.J.S.A. 39:3-84.
The court finds each of the defendants guilty and assesses a fine in the sum of $200 against each defendant, without costs, to be paid forthwith.