76 N.J. Super. 572 (1962)
185 A.2d 215
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PATFOL, INC., DEFENDANT-APPELLANT, AND VINCENT SULLIVAN, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HERMAN SMITH, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Motions for Reargument Filed September 28, 1962.
Decided October 26, 1962.
*573 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Theodore I. Botter, First Assistant Attorney General (Mr. Arthur J. Sills, Attorney General, attorney), for plaintiff as respondent and appellant, movant.
Mr. Philip C. Geibel, attorney for appellants Patfol, Inc. and Vincent Sullivan, opposed.
Mr. Sidney P. McCord, Jr., attorney for respondent Herman Smith, Jr., respondent.
PER CURIAM.
These motions for reargument of our decision of September 21, 1962 (State v. Patfol, Inc., 76 N.J. Super. 287 (App. Div. 1962)) in these appeals are based upon an argument constructed from legislative history which was not presented at all by the State in the brief or argument of the appeals, nor, so far as we are aware, before the trial courts. Although we are certain that the failure to present this newly adduced material at the appropriate time was not a deliberate tactic, we nevertheless express our disapproval of the presentation of an appeal on the basis of less than all the relevant data and arguments, and *574 then, after failure, applying for reargument on contentions and material which ought to have been submitted to the court when the appeal was being considered.
However, in view of the public importance of the issue, we have studied the brief in support of the motions and have concluded that no good purpose would be served by reargument. The burden of the State's new contention is that from the enactment of L. 1921, c. 208, until the adoption of L. 1955, c. 198, the legislation in question contained the language, "all of the aforesaid dimensions shall be inclusive of the load" at the end of the portion thereof embodying both width and length limitations. The material changes in the act in 1955, involving an omission of the general statement just quoted and the insertion at three points in the pertinent section of the express references "inclusive of load" after certain of the regulations as to length, while omitting any such qualification when dealing with width, are described by the State as a "slip of the pen in drafting the 1955 revision of the third paragraph of R.S. 39:3-84." It is urged that this should not have the effect of altering the previously explicitly stated applicability of the load proviso to all length and width regulations and thereby producing "a dangerous and absurd result."
It may first be noted that ever since the general revision of the statutes by Revised Statutes of 1937, and prior to the 1955 amendment, section 39:3-84 had been broken up into paragraphs and the phrase, "all of the aforesaid dimensions shall be inclusive of the load" incorporated only in a paragraph (the third) containing various regulations as to length of vehicles and none as to width, with a separate paragraph intervening between that one and the first paragraph in the section, which contains the width regulation. This arrangement has never been altered notwithstanding several amendments of the section both prior and subsequent to the 1955 amendment. While an intent to have effected a change in the prior law may not necessarily be deduced from rearrangement of statutory material in the *575 Revised Statutes, see R.S. 1:1-5, it is clear that a trucker entering that industry after 1937 and consulting the statute for the first time would not be clearly apprised thereby that the load qualification was applicable both to length and width regulations. Entirely apart from that consideration, however, any ambiguity which may have existed in the statute in this regard from 1937 to 1955 was dissipated by legislative draftsmanship in the rewriting of the section in the course of adoption of the 1955 amendment, which, as clearly and explicitly as words could do it, made the load proviso applicable only to certain (not all) length regulations and not to those pertaining to width. See our opinion on the appeal.
There is a point in judicial construction of "legislative intent" beyond which a court should not go when asked to disregard plain and unambiguous statutory expression, particularly when dealing with a penal statute regulative of an industry. That point, in our judgment, is presented in this case. A trucker ought to be able to rely upon what legislative regulatory language says to him in plain English and not be subjected to a fine because of ignorance of legislative history which might convey to him that the Legislature may possibly not have actually intended what it said when it most recently amended the statute. A construction of the act by this court in accord with the contention of the State would leave the statute a continuing trap to ensnare the unwary businessmen affected who believe what they read. The public interest over which the Attorney General is properly concerned can be served by a prompt amendment of the statute, if the Legislature is so minded, which at the same time will inform the industry in question that statutory vehicular width regulations are inclusive of load, rather than, as a fair reading of the present act tells it, that they are not. Cf. Maplewood v. Tannenhaus, 64 N.J. Super. 80, 89, 90 (App. Div. 1960).
The motions for reargument are denied.