170 N.J. Super. 572 (1979)
407 A.2d 842
FRED PUTTRICH T/A FREDDY JACK REALTY ASSOCIATES, PLAINTIFF-APPELLANT,
v.
DENNIS SMITH AND SHIRLEY SMITH, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1979.
Decided October 17, 1979.
*573 Before Judges FRITZ, KOLE and LANE.
Mr. Raymond T. Lyons, Jr. argued the cause for appellant (Mr. Donald R. Sorkow, attorney).
Respondents appeared pro se.
The opinion of the court was delivered by KOLE, J.A.D.
Plaintiff is the owner of a building containing a tavern, one ground-floor apartment, and three second-floor apartments. Defendants have resided in the apartment on the ground floor, *574 directly beside the tavern, as month-to-month tenants for 25 years.
Plaintiff wanted to eliminate the ground-floor apartment so that he could expand his tavern. He brought this summary dispossess action under N.J.S.A. 2A:18-61.1(h), which provides that a good cause for eviction is that "The owner seeks to retire permanently the residential building ... from residential use ...". The trial judge held that in order for a landlord to dispossess a tenant under this section, the landlord had to retire the entire building from the rental market, and not just one dwelling unit. He thereupon entered judgment in favor of defendants. Plaintiff appeals.
Plaintiff first contends that he is entitled to a judgment of possession under subsection (h) because he seeks to permanently retire defendants' apartment from residential use. He recognizes that subsection (h) refers to the permanent retirement of the residential building, and not merely a dwelling unit in that building. Plaintiff urges, however, that the term "building" should be defined as "apartment" or "dwelling unit." He submits that the Legislature could not have intended to prohibit an owner of property from utilizing it himself.
We disagree. The Legislature was clearly aware of the difference between a building and a unit or individual apartment. Indeed, at the same time that the Legislature amended N.J.S.A. 2A:18-61.1(h) it enacted N.J.S.A. 2A:18-61.1(l(3), under which a landlord may evict a tenant if he is "The owner of a building of three residential units or less" and "seeks to personally occupy a unit." L. 1975, c. 311. The Legislature has declared that only the owner of a building of three residential units or less could evict the tenant on the ground that the owner personally wanted to occupy the unit. In essence it has said that for a landlord to evict a tenant so that the landlord could take control of the apartment, the landlord has to either retire the entire building or the building must have less than four residential units. Since plaintiff does not seek to retire the *575 entire building and the building has four residential units, plaintiff has failed to establish grounds for evicting defendants.
Alternatively, plaintiff contends that, to the extent N.J.S.A. 2A:18-61.1 prohibits him from evicting tenants in order to use his property for his business, it constitutes an unconstitutional deprivation of his property. We disagree. In Stamboulos v. McKee, 134 N.J. Super. 567 (App.Div. 1975), we held that enactment of N.J.S.A. 2A:18-61.1 was a reasonable exercise of the State's police power and was not unconstitutional even though it prohibited an owner of a four-family apartment building from evicting a tenant in order that a member of the owner's family could reside in the apartment. We reasoned that the statute had been enacted in order to protect residential tenants from what the Legislature deemed to be a critical shortage of rental housing in this State. Recognizing the presumption of constitutionality of any legislative enactment and the substantial relation between this legislation and the public interest, we concluded that the Legislature could constitutionally decide (1) that an owner's right to utilize his property must yield to a tenant's interest in keeping his home and (2) where the line should be drawn as to owners who should be subject to the statute's restrictions.
Plaintiff submits no compelling reason for us to reach a contrary conclusion here. Cf. Taxpayers Ass'n of Weymouth Tp. v. Weymouth Tp., 71 N.J. 249, 284 (1976), app. dism. and cert. den. 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977). Contrast, Rivera v. Chinea, 181 F.2d 974 (1 Cir.1950), involving the denial to an owner of a commercial building the right to recover the entire premises for his own use where the majority of the court held that such denial violated the owner's constitutional rights.
Sabato v. Sabato, 135 N.J. Super. 158 (Law Div. 1975), arriving at a different conclusion from ours here in somewhat different circumstances, was decided in the Law Division four days prior *576 to our decision in Stamboulos, supra. It occurs to us that the concern of the judge who decided Sabato that the landlord not be deprived of "most of his interest in the subject matter" (135 N.J. Super. at 173, quoting from United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1945)) is alleviated by the very terms of the statute which excepted from its operation owner-occupied premises of not more than two rental units (and since Sabato, buildings of three residential units or less in certain circumstances). We are satisfied that statutory control of units larger than two rental units cannot deprive an owner of "most of his interest" in them. To the extent that Sabato v. Sabato, supra, is contrary to the ruling in Stamboulos, supra, it is overruled.
Affirmed.