184 N.J. Super. 240 (1981)
445 A.2d 484
LOLA REGGIORI, PLAINTIFF,
v.
PETER PETRONE, DEFENDANT.
Superior Court of New Jersey, District Court Bergen County.
October 7, 1981.
*241 Thomas W. Williams for plaintiff.
Eugene Callahan for defendant (Bresin & Callahan, attorneys).
SCIUTO, J.D.C.
The action before the court is a summary dispossess proceeding brought by plaintiff landlord to remove defendant tenant from a cottage situated on the same plot of land as the home in which plaintiff resides. Plaintiff's home and the cottage she rents to defendant are located in the Borough of Mahwah and are separated by about 30 feet, with no property dividing line between them.
It is undisputed that defendant committed no acts which would constitute "good cause" for removal under the Anti-Eviction Act. N.J.S.A. 2A:18-61.1.
Plaintiff contends that she is not constricted by the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 et seq., which provides that a *242 tenant will not be removed except for committing certain acts which constitute "good cause" for removal. N.J.S.A. 2A:18-61.1. Rather, she maintains, she is excepted from the "eviction for cause" provisions because the cottage she rents is "owner-occupied premises."
Defendant, on the other hand, argues that the exception relied on by plaintiff applies only where the landlord and tenant live under the same roof.
This is a case of first impression, for none other has ever defined "owner-occupied premises." Further, an exhaustive review of the legislative history of N.J.S.A. 2A:18-53 and N.J.S.A. 2A:18-61.1, does not reveal what the Legislature meant by "owner-occupied premises." Clearly, this is a question of legislative intent, to be answered by traditional principles of statutory construction.
The purpose of the Anti-Eviction Act was to limit evictions to reasonable grounds. Bradley v. Rapp, 132 N.J. Super. 429 (App. Div. 1975). The reason for so radically changing the common law regulating landlord-tenant relations was that the Legislature recognized a housing shortage of critical proportions in this State. Gardens v. Passaic, 130 N.J. Super. 369 (Law Div. 1974), aff'd 141 N.J. Super. 436 (App.Div. 1976); see "Statement of Purpose" appended to Assembly Bill 1586, L. 1974, c. 49, § 2.
It seems clear that the Legislature did not intend landlords to be forced to live with tenants whom they found to be unfavorable, even though the tenant's acts may not constitute good cause for removal.
However, it is also clear that the Legislature did not intend to give such consideration to landlords who owned two contiguous properties, one residential, one rental. Plaintiff's situation in this case is no different from that of the landlord with contiguous lots, but for the absence of a property line.
The word "premises" is defined in Black's Law Dictionary (5 ed. 1979), 1063, as meaning, among other things,

*243 A distinct and definite locality, and may mean a room, shop, building, or other definite area, or a distinct portion of real estate. Land and its appurtenances.
Plaintiff would have the court define "premises" as used in N.J.S.A. 2A:18-61.1 as "Land and its appurtenances," as such an interpretation would result in a judgment for possession, because the cottage which defendant rents is but an appurtenance on plaintiff's land.
However, the court is constrained to give the words used by the Legislature such a meaning as will most effectively accomplish the purpose intended. The intent of the Legislature will most effectively be accomplished by giving the word "premises," as used in N.J.S.A. 2A:18-61.1, a more narrow meaning, i.e., "building." See Black's Law Dictionary, supra.
Therefore, this court is of the opinion that the "owner-occupied premises" exception applies only to landlords and tenants who reside under the same roof, and does not include separate dwellings on the same tract of land. This is consistent with the Legislature's intent to limit "the causes for which [tenants] may be evicted and be forced to find new quarters in a market critically short of rental housing." Sabato v. Sabato, 135 N.J. Super. 158, 164 (Law Div. 1975).
Judgment for defendant.