186 N.J. Super. 204 (1982)
451 A.2d 1341
ANNA FRESCO, PLAINTIFF,
v.
MARIE POLICASTRO, DEFENDANT.
Superior Court of New Jersey, District Court Essex County.
July 20, 1982.
*205 Jeffrey K. McKinley for plaintiff (Tutela & McKinley, attorneys).
Joseph B. Young for defendant.
HIGGINS-CASS, J.D.C.
N.J.S.A. 2A:18-61.1, the Anti Eviction Act, contains an exception for "owner-occupied premises." In this case the court must decide whether two separate structures on the same property, one structure occupied by the landlord, the other leased, fall within the parameters of this exception. The applicability of the "owner-occupied premises" exception depends on whether the word "premises" is given the narrow definition of "building" or the broader definition of "land and its appurtenances."
Plaintiff landlord brought this summary dispossess proceeding to remove a tenant from a leasehold situated on the same plot of land as the home in which the landlord resides. Plaintiff's home is a one-family house situated on the front section of the property; the leasehold is an outbuilding, unattached to plaintiff's home, at the rear of the property.
Plaintiff contends that he does not have to prove that the tenant has committed acts which constitute "good cause" for removal under N.J.S.A. 2A:18-61.1 because of the "owner-occupied premises" exception to that law. Defendant, on the other hand, contends that the "owner-occupied premises" exception applies only when the landlord and tenant reside in the same building. The relevant section of N.J.S.A. 2A:18-61.1 reads:
No lessee or tenant or the assigns, under-tenants or legal representatives of such lessee or tenant may be removed by the county district court or the Superior Court from any house, building, mobile home or land in a mobile home *206 park or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units or a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant, except upon establishment of one of the following grounds as good cause ...
The legislative intent of the Anti-Eviction Act was to limit "the causes for which [tenants] may be evicted and be forced to find new quarters in a market critically short of rental housing." Sabato v. Sabato, 135 N.J. Super. 158, 164 (Law Div. 1975); see Statement to Assembly Bill 1586, L. 1974, c. 49 § 2. However, the Legislature realized that in attempting to accomplish this intent there would be times when strict compliance with it would lead to injustices. Recognizing the unfairness of forcing resident landlords to live with tenants whom they found to be unfavorable, the legislators added the "owner-occupied premises" exception to the act.
While this is a case of first impression in Essex County, an identical case has been decided in Bergen County. In Reggiori v. Petrone, 184 N.J. Super. 240 (Cty.D.Ct. 1982), the court ruled "that the `owner-occupied premises' exception applies only to landlords and tenants who reside under the same roof, and does not include separate dwellings on the same tract of land." Id. at 243. The court reasoned that since the legislative intent of the Anti-Eviction Act was to limit evictions "the intent of the Legislature [would] most effectively be accomplished by giving the word `premises' as used in N.J.S.A. 2A:18-61.1 a more narrow meaning, i.e., `building.'" Id. at 243.
The Essex County District Court is not bound by a decision of the Bergen County District Court. State v. Patfol, 71 N.J. Super. 404 (Law Div. 1961), rev. on other grounds 76 N.J. Super. 287 (App.Div. 1962), rearg. den. 76 N.J. Super. 572 (App.Div. 1962). Therefore, this court respectfully declines to follow the decision in Reggiori. It is the opinion of this court that the word "premises" should be given the broad meaning of "land and its appurtenances." Support for this definition can be found in N.J.S.A. 2A:18-53 itself, which prior to the enactment of the Anti-Eviction Act covered both residential and commercial *207 tenancies, and an amended version of which still covers owner-occupied two and three family premises and commercial tenancies. The relevant section of the earlier statute reads:
Any lessee or tenant at will or sufferance, or for a part of a year, or for one or more years, of any houses, buildings, lands or tenements, and the assigns, under-tenants or legal representatives of such tenant or lessee, may be removed from such premises .... . [N.J.S.A. 2A:18-53 (L. 1966, c. 319, Sec. 1.) emphasis supplied]
The present section is identical with the addition at the beginning thereof of the words "Except for residential lessees and tenants included in Sec. 2 of this Act."[1]
The Legislature in this state clearly defined "premises" broadly as "houses, buildings, lands or tenements." There is no indication that the Legislature, which did not define the word "premises" in the Anti-Eviction Act, intended a different meaning to apply to those cases it excepted from the coverage of N.J.S.A. 2A:18-61.1 and which remain subject to N.J.S.A. 2A:18-53.
The broad definition of "premises" receives further support from this State's case law. In Ford Motor Co. v. Labor and Industry Dep't, 5 N.J. 494 (1950), the Supreme Court (at 503) defined "premises" as "the property conveyed in a deed; hence in general, a piece of land or real estate; sometimes ... a building or building on land." Citing Webster's New International Dictionary, (2 ed.). (Emphasis supplied). In Maplewood v. Tannenhaus, 64 N.J. Super. 80, 85-86 (App.Div. 1960) the court stated: "The word `premises' is of a broader comprehension than the word `building.' It may mean land alone or land with buildings or appurtenances." Again in City of Newark v. Lippmann, 13 N.J. Misc. 248, 249, 177 A. 556 (Crim.Ct. 1935), the court stated that "the word premises has been defined as `the land with its appurtenances,'" citing Zinc Co. v. Franklinite Co., 13 N.J. Eq. 322, 331. (Ch. 1861).
*208 "In the absence of an explicit indication of a special meaning, words are to be given their common usage", Ford Motor Co. v. Labor & Industry Dep't, supra 5 N.J. at 503. This court therefore concludes, on the basis of the foregoing cases, that the common usage of the word "premises" is "land and its appurtenance."
While the legislative intent of N.J.S.A. 2A:18-61.1 was to limit evictions, the "owner-occupied premises" exception was included to prevent an injustice to resident landlords. The Legislature permitted this exception and there is no reason for limiting it arbitrarily by a strained construction of the term "premises." The landlord's enjoyment of his home is equally impaired whether he lives above, below, in front of or behind, or alongside an unfavorable tenant.
Judgment for possession will be entered in favor of plaintiff. In light of the court's ruling, it will entertain an application by the defendant for a hardship stay pursuant to N.J.S.A. 2A:42-10.6.
NOTES
[1] Sec. 2A:18-61.1.