224 N.J. Super. 581 (1988)
540 A.2d 1359
SHIRLEY COUEY AND CLARENCE LAWTON, PLAINTIFFS,
v.
BARBARA STERLING, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Bergen County (Tenancy).
Decided January 25, 1988.
*582 Timothy N. Tuttle for plaintiffs.
Diane Margolin for defendant (Bergen County Legal Services, attorneys).
EICHEN, J.S.C.
This summary dispossess action raises the novel question whether the "owner-occupied premises" exception contained in N.J.S.A. 2A:18-61.1 (the Anti-Eviction Act, hereinafter "the Act") includes owner-occupied premises with two rental units where one of the units is a commercial unit and the other residential.
N.J.S.A. 2A:18-61.1 provides in relevant part:
No lessee or tenant ... may be removed by the County District Court or the Superior Court from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units ... except upon establishment of one of the following grounds as good cause:
On June 1, 1987, plaintiffs purchased a building in Teaneck, New Jersey containing two apartments and one commercial unit and immediately moved into one of the apartments. At that time the building was subject to a rent levelling ordinance, and defendant was a month-to-month tenant of the other apartment paying rent of $288.15 per month. Defendant has resided in her apartment for approximately 25 years.
In September, 1987, following receipt of a letter from the township clerk of Teaneck, advising that the rent levelling ordinance would no longer apply to the building[1], plaintiffs *583 served defendant with a notice to quit, terminating the tenancy, but offering defendant a new tenancy at an increased monthly rental of $800 commencing on November 1, 1987[2]. When defendant failed to pay the increased rent or to vacate the apartment, plaintiffs commenced this action to remove defendant for failure to pay rent pursuant to N.J.S.A. 2A:18-53(b).
Defendant contends that the "owner-occupied premises" exception does not apply where, as here, one of the rental units is a commercial unit. Therefore, she maintains, the Act controls and because plaintiffs have failed to demonstrate "good cause" for the eviction under N.J.S.A. 2A:18-61.1f of the Act, the action should be dismissed. Section f permits removal of a tenant for failure to pay rent after an increase, provided the rent is not unconscionable[3].
Plaintiffs assert that they do not have to prove that defendant committed an act constituting "good cause" for eviction because the Act does not cover this type of tenancy.
Defendant bases her position, in part, on the reasoning of Judge Scancarella in Cabrera v. Mordan, 220 N.J. Super. 373 (Sp.Div.Pt. 1987). There plaintiff, the owner of a building consisting of three residential units and a commercial unit sought, pursuant to subsection l.(3) of the Act, to remove one of the residential tenants in order to personally occupy the unit. Under that section, where an "owner of a building of three residential units or less seeks to personally occupy a unit" [emphasis supplied], good cause for eviction exists, and the tenant may be removed. In denying relief to the owner, Judge *584 Scancarella opined, by way of dicta, that the Legislature in enacting section l.(3), did not intend "to allow eviction of tenants in any type of mixed use building, no matter how few units are contained therein." Id. 220 N.J. Super. at 380.
This court respectfully declines to embrace that reasoning, at least as it may affect the exclusion issue presented here.
Prior to the passage of the Act, all summary dispossess actions were governed by N.J.S.A. 2A:18-53. Under that statute "a landlord could evict a tenant for any reason or for no reason at all." Sabato v. Sabato, 135 N.J. Super. 158, 164 (Law Div. 1975). Thus remedial legislation was enacted for the purpose of preventing unfair and arbitrary removal of residential tenants during a critical rental housing shortage. Ibid. However, even the Legislature recognized "the unfairness of forcing residential landlords to live with tenants whom they found to be unfavorable." Fresco v. Policastro, 186 N.J. Super. 204, 206 (Cty.D.Ct. 1982). For that reason, "the legislators added the owner-occupied premises exception to the act." Ibid.
As indicated above, defendant contends that "rental units" as used in the exclusionary paragraph of the Act should be read narrowly to include only "residential units". This court does not agree. If the Legislature had intended to limit the "owner-occupied premises" exception to two and three family buildings, it would have said so. Compare, for instance, the use of the term "residential unit" in section l.(3) with the term "rental unit" in the exclusion. Consider also that the type of "premises" expressly covered by the exclusion includes not only premises used for residential purposes, such as houses, mobile homes, and land in a mobile home park, but buildings, lands and tenements, generally. See Fresco, supra, 186 N.J. Super. at 207. This same description of "premises" appears in N.J.S.A. 2A:18-53, the statute which controls eviction of commercial tenants and certain residential tenancies, including the one at issue here. It provides in part:

*585 "Except for residential lessees and tenants included in Section 2 of this act, any lessee or tenant . .., of any houses, buildings, lands or tenements, may be removed...." (Emphasis supplied)
In using the same class of structures in both statutes to define "premises", the Legislature clearly manifested its intention not to limit the "owner-occupied premises" exception to residential dwellings. "[T]he perspective [of the Act] is on the structure, not the nature ... of the occupants." Chambers v. Nunez, 217 N.J. Super. 202, 207 (Sp.Civ.Pt. 1987).
As the court in Sabato wisely recognized, "it is not [the court's] function to legislate; it is our duty to interpret. And in so doing we must give effect to the language employed by the legislative body in order to properly effect the legislative design." 135 N.J. Super. at 166-167.
Defendant has failed to persuade this court that the legislative objectives enunciated above would preclude an owner-occupant who resides in a mixed use building, containing two other rental units, from removing the other residential tenant for any or no reason at all.
Defendant's reliance on Puttrich v. Smith, 170 N.J. Super. 572 (App.Div. 1979) and Gross v. Barriosi, 168 N.J. Super. 149 (Cty.D.Ct. 1979) does not advance her position. In both cases, the court declined to permit a commercial use to displace a residential one, a result clearly consistent with the legislative design of the Act. Neither decision, however, even hints at limiting the exclusion to residential premises. This is because no legitimate purpose of the Act would be served by such limitation.
The Legislature has determined to exempt "owner-occupied premises" with two rental units, even where the units are both residential. Thus the owner can evict a tenant from such a unit without cause, or keep the tenant and raise his rent with impunity. The tenant in such a building has no protection under N.J.S.A. 2A:18-61.1. It is not the function of the judiciary to redraw the line established by the Legislature. Puttrich v. Smith, supra, 170 N.J. Super. at 575. Even were this *586 court to do so, the end result would not produce any gain in the present stock of available rental housing units. All that might be achieved for the tenant is the opportunity to argue that the increased rent is unconscionable.[4]
Finally, lest one think otherwise, it must be stated that this court is not unmindful of the hardship of defendant. It acknowledges the length of her tenancy and that this apartment has been a comfortable and secure home to her for 25 years. But it is not the court's function to create new protective measures for tenants in the face of such clear legislative design.
Thus, once an owner legally occupies a residential unit in a mixed use building with no more than two other rental units, the owner may act under N.J.S.A. 2A:18-53. Under that statute, a landlord has no obligation to offer a new tenancy to the tenant. The tenant may be removed without cause upon service of a proper notice and demand for possession. Here, however, the landlords have offered a new tenancy to defendant, albeit at a substantial increase in rent. Defendant argues, therefore, that she is entitled to protection from what she regards as an unreasonable rent increase. While the court can consider equitable issues, it does not view its jurisdiction as sufficiently broad to encompass the defense of unconscionability of rent. If plaintiffs were ordered to decrease the rent to a sum unsatisfactory to plaintiffs, all they need do is serve a proper notice to quit and demand for possession, and defendant then must vacate the premises. The court declines to follow a course which undoubtedly would prove to be futile.
Accordingly, for the reasons stated in this opinion, a judgment of possession in favor of plaintiffs will be entered within *587 three days of the date thereof. If defendant pays the $800 per month for the months due and unpaid to date, within three days of the date thereof, this action will be dismissed. Otherwise, upon entry of judgment, a warrant for removal shall issue within three days, with removal to follow.
NOTES
[1] Apparently defendant did not challenge the removal of the premises from the rent levelling ordinance and, therefore, it is not an issue here.
[2] Prior to trial defendant moved unsuccessfully, pursuant to N.J.S.A. 2A:18-53, to dismiss the action on the ground that the complaint failed to state a cause of action because defendant's obligation to pay rent meant the original rent, which had been tendered and rejected by plaintiffs, and not the increased rent. The motion was denied. (See Bhar Realty Corp. v. Becker, 49, N.J. Super. 585 (App.Div. 1958.)
[3] Defendant contends that the present rent is unconscionable. For the reasons stated below, the court need not reach this issue.
[4] In this case, the commercial unit is a storage area yielding a minimal rent of $350 per month. Defendant's apartment consists of five rooms, including two bedrooms; thus, the increased rent is probably very close to market value and may not be unconscionable. The court does not decide this issue for the reasons stated below.