ESTATE OF CARMELLA ROSSI, PLAINTIFF, v. CATHERINE A. FEDERER, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided June 20, 1988.

*Nicholas Albano, Jr.* for plaintiff.

*Catherine A. Federer,* defendant, *pro se.*

BROWN, J.S.C.

This matter comes on before the court as a result of a summary dispossess action filed on behalf of plaintiff, the

Estate of Carmella Rossi, by co-executors, Charles Rossi and
Concetta Rodino, to evict defendant, Catherine A. Federer,
under *N.J.S.A.* 2A:18–53(a), having served a notice to quit in
accordance with *N.J.S.A.* 2A:18–56(b). Defendant raises the
defense that she is entitled to the protection of *N.J.S.A.* 2A:18–
61.1. A trial in the matter was conducted on June 15, 1988, and
because of several novel issues raised by the undisputed facts
the court reserved decision and does, by way of this opinion,
decide the case.

Plaintiff offers testimony of Mrs. Rodino, who indicates that
she is co-executrix with her brother, Charles Rossi, of the
estate of her mother, Carmella Rossi, which owns certain
property located on Belmont Avenue in Belleville, New Jersey.
The property is a multi-story building consisting of a tavern,
office and two apartments, one occupied by defendant and the
other occupied by the co-executrix of plaintiff estate, that is
Concetta Rodino, daughter of the decedent. It is the position of
plaintiff that this is an owner-occupied two-family structure;
that plaintiff served a notice to quit and demand for possession
dated March 30, 1988 upon defendant demanding possession as
of May 1, 1988; and that defendant was a holdover and,
therefore, plaintiff is entitled to possession in accordance with
*N.J.S.A.* 2A:18–53(a). The testimony indicated that a garage
and another structure containing four residential rental units
are also located on the tax lot, to the rear of the building
occupied by defendant.

Defendant contends that she is entitled to the protection of
the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1, as the premises in
question are not owner-occupied and contain more than two
rental units. Putting aside for the moment the question as to
whether this is owner-occupied or not, the court will first
address the issue as to whether there are more than two rental
units on the premises.

*N.J.S.A.* 2A:18–53 provides that except for tenants included
in *N.J.S.A.* 2A:18–61.1,

> any lessee or tenant at will or at sufference, ... of any houses, buildings, lands, or tenements, ... may be removed from such premises ... in an action in the following cases: a. Where such person holds over ... after the expiration of his term and after demand made and written notice given by the landlord or his agent, for delivery of possession thereof.

*N.J.S.A.* 2A:18–61.1 provides that no lessee or tenant may be removed from

> "any house, building, ... or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units ... except upon establishment of one of the following grounds as good cause...."

In *Reggiori v. Petrone,* 184 *N.J.Super.* 240 (Cty.D.Ct.1981), Judge Sciuto of the Bergen County District Court ruled that the exception in *N.J.S.A.* 2A:18–61.1 for owner-occupied premises was not applicable to landlords whose tenants lived in a cottage situated on the same plot of land as the home in which the landlord resided. The district court ruled that the word "premises" as used in the statute should be construed narrowly to mean "building" and that the owner-occupied premises exception "applies only to landlords and tenants who reside under the same roof, and does not include separate dwellings on the same tract of land." *Id.* at 243.

In *Fresco v. Policastro,* 186 *N.J.Super.* 204 (Cty.D.Ct.1982) my colleague, Judge Higgins–Cass, sitting on the then Essex County District Court, declined to follow the reasoning in *Reggiori* and ruled that the word "premises" should be given the broad meaning of "land and appurtenances." The court in *Fresco* found the broad definition of premises, as reflected in case law, to be:

> the property conveyed in a deed; hence, in general, a piece of land or real estate; sometimes ... a building or building on land.... The word 'premises' is of a broader comprehension then the word 'building.' It may mean land alone or land with buildings or appurtenances. [*Id.* at 207]

The district court also noted: "the word 'premises' has been defined as 'the land with its appurtenances'," *ibid.,* citing *Webster's New International Dictionary* (2 ed.), *Maplewood v. Tannenhaus* 64 *N.J.Super.* 80, 85–86 (App.Div.1960), *City of*

*Newark v. Lippmen,* 13 *N.J.Misc.* 248 (Crim.Ct.1935) and *Zinc Co. v. Franklinite Co.,* 13 *N.J.Eq.* 322 (Ch.1861).

■ It is the opinion of this court that the interpretation of the word "premises" given by the court in *Fresco,* reflects the legislative intent in excluding certain owner-occupied premises from the protection given to tenants in *N.J.S.A.* 2A:18–61.1. While this reasoning will result in a contrary conclusion here than that reached in *Fresco,* that is, a denial of a judgment of possession and a entry of a dismissal in favor of defendant, it is clear to this court that the exception provision of *N.J.S.A.* 2A:18–61.1 is clearly limited to owner-occupied premises with not more than two rental units, meaning all units contained on the premises of the landlord, whether they be "above, below, in-front of or behind, or alongside" as stated in *Fresco. Id.* at 208.

■ For the reasons stated above, the premises owned by plaintiff in the within action has four residential rental units in one building with two residential units and two commercial units in the second building, and therefore, defendant in the within action is entitled to the protection of *N.J.S.A.* 2A:18–61.-1.

■ While the foregoing ruling is dispositive of this case, as previously indicated, the fact pattern here raises several novel issues which this court feels obliged to address in the event this opinion is subsequently reviewed. In the event a reviewing court finds that it was error to follow the interpretation of the statute as set forth in *Fresco,* and that the correct interpretation of the word premises is stated in *Reggiori,* the next question raised is whether the one building is, in fact, "premises with not more than two rental units" which would exempt it from the provisions of *N.J.S.A.* 2A:18–61.1. In *Cabrera v. Mordan,* 220 *N.J.Super.* 373 (Law Div.1987), Judge Scancarella, in writing the opinion for the Passaic County Special Civil Part, denied the request of an owner of a building, containing three residential units and one commercial unit, to dis-

possess a residential tenant under *N.J.S.A.* 2A:18–61.1*l* (3). The court, following the maxim "the expression of one thing is the exclusion of others," ruled that three residential units or less as contained in the statute prevented the landlord from evicting a tenant when there were three residential units plus one commercial unit under § *l*(3). While this court does not agree with that interpretation of § *l*(3) which specifically indicates "three residential units or less," it notes the different wording used by the Legislature in the first paragraph of *N.J.S.A.* 2A:18–61.1 in which the Legislature specifically indicated "not more than two rental units" in exempting property from the protection of this section. This court believes there is a difference between an owner attempting to gain possession of a rental unit for his own use in a property that has three "residential units or less" and an owner who is in possession of premises with "not more than two rental units" and seeks to dispossess a residential tenant. This issue was also recently addressed in *Couey v. Sterling,* 224 *N.J.Super.* 581 (Law Div.1988), an opinion written by Judge Eichen for the Bergen County Special Civil Part decided January 25, 1988 and approved for publication on February 5, 1988 by the committee on opinions. The court was confronted with owner-occupied premises consisting of two apartments and one commercial unit and plaintiff sought to dispossess the other residential tenant. Defendant raised the defense of *N.J.S.A.* 2A:18–61.1 relying on the *Cabrera* opinion claiming that, because there was a "mixed use building," the tenant automatically had the protection of the statute. The court in *Chouey* did not follow the *Cabrera* reasoning and specifically differentiated between "residential units" and "rental units."

In the matter before this court the building in question, of which the owner is presently the occupant, does in fact contain more than two rental units—that is, two commercial rentals and one residential rental, and therefore, for this reason also, the residential tenant in that building is entitled to the protection of *N.J.S.A.* 2A:18–61.1.

Another issue raised during the trial of this matter is whether plaintiff is, in fact, an owner-occupant, as the party in possession is the daughter of the deceased owner and a co-executrix of the plaintiff estate. No testimony was offered as to whether or not the daughter in possession has an "ownership" interest either by operation of law in the administration of the estate, or by descent and distribution through the last will and testament of Carmella Rossi. If, in fact, the occupant is merely acting as a fiduciary for the estate, that is, as co-executrix, and has no ownership interest under the estate, she would not be an owner-occupant of the premises. On the other hand, if she does have an ownership interest through the estate, it is the opinion of this court that she would be an owner-occupant, although it has no bearing in light of this court's ruling. The ownership aspect would be subject to further proofs if that question ever arose.

For the foregoing reasons, judgment is hereby entered in favor of defendant dismissing the complaint of plaintiff.