132 N.J. Super. 429 (1975)
334 A.2d 61
ROBERT F. BRADLEY, PLAINTIFF-RESPONDENT,
v.
JOHN RAPP AND/OR MARGARET RAPP, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 6, 1975.
Decided February 24, 1975.
*430 Before Judges LORA, HANDLER and TARLETON.
Mr. John Rapp argued the cause pro se.
*431 Mr. Conrad Koch argued the cause for plaintiff-respondent (Messrs. Accardi & Koch, attorneys).
PER CURIAM.
Defendant tenants appeal from a judgment for possession entered in the Essex County District Court. The judgment was based upon a determination that plaintiff landlord was within the exception of N.J.S.A. 2A:18-61.1 (L. 1974, c. 49).
On March 15, 1974 plaintiff purchased the premises at 29 Old Indian Road, West Orange. It is an 80-year-old, two-family home in a residential section, with two dwelling units. Defendants (mother and son) reside in one of the two apartments and another tenant resides in the other. Defendants are month-to-month tenants under an oral lease calling for a monthly rental of $175.
Plaintiff purchased the premises for the express purpose of residing therein with his wife and five children. On April 16, 1974 plaintiff's then attorney served defendants with a notice to quit as of June 1, 1974, a demand for possession and a notice of increase in rent to $450. Plaintiff (now unrepresented by counsel) accepted a tender of the $175 June rent. On June 26, 1974 plaintiff's present attorney served defendants with a second notice to quit as of August 1, 1974 and a demand for possession. Defendants tendered the $175 August rent which plaintiff refused to accept. Defendants did not vacate and on August 6, 1974 a summons and complaint were served.
The matter was heard in the county district court on August 20, 1974 and the trial judge entered a judgment for possession but ordered that issuance of the warrant for removal be stayed until September 1, 1974 with leave to apply for a further stay to October 1, 1974.
On appeal defendants contend that plaintiff's failure to establish "good cause" and to specify the cause of termination under N.J.S.A. 2A:18-61.1 and 61.2 create a jurisdictional question warranting review and reversal. Plaintiff *432 argues that as an "owner-occupant" he is excepted from the statute's provisions.
We agree that the case is properly before us, cf. Marini v. Ireland, 56 N.J. 130 (1970); Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116 (1967); Ivy Hill v. Handa, 121 N.J. Super. 366 (App. Div. 1972), and pass to the merits of the narrow question raised: whether plaintiff falls within the "owner-occupied" exception of N.J.S.A. 2A:18-61.1.
Assembly Bill No. 1586 was enacted on June 25, 1974 and provided that it shall take effect "immediately"; hence it governs the instant case.
The relevant portion of N.J.S.A. 2A:18-61.1 reads:
No lessee or tenant of the assigns, under-tenants or legal representatives of such lessee or tenant may be removed by the county district court or the Superior Court from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units or a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant, except upon establishment of one of the following grounds as good cause * * *. [emphasis supplied]
N.J.S.A. 2A:18-61.2 provides that the requisite notice "shall specify in detail the cause of the termination of the tenancy." Plaintiff proceeded under N.J.S.A. 2A:18-53 (a) which requires no such specificity in the notice regarding hold-over tenants. The notice in issue did not specify any cause of termination and it is not suggested that any of the enumerated grounds of "good cause" (N.J.S.A. 2A:18-61.1) exist.
It is not without significance that the statement accompanying this legislation refers to the absence of any statutory limitations upon the reasons a landlord may utilize to evict tenants from comfortable quarters where they have not created any problems. Recognizing that this has resulted in frequent unfair and arbitrary residential ousters and citing *433 the critical housing shortage, the act proposes to limit evictions to "reasonable grounds" and "suitable notice."
In our review of the statute we are compelled to give primary regard to the fundamental purpose for which it was enacted. At the same time we should strive to avoid an anomalous, unreasonable, inconceivable or absurd result. New Jersey Builders v. Blair, 60 N.J. 330, 338 (1972); Union County Bd. of Freeholders v. Union County Park Comm'n, 41 N.J. 333, 341 (1964); Robson v. Rodriquez, 26 N.J. 517, 528 (1958); Sandler v. Springfield Tp. Bd. of Adjustment, 113 N.J. Super. 333, 345 (App. Div. 1971).
Our approach to this task is tempered by the realization that in drafting legislation it is all but impossible for the draftsman to anticipate all contingencies and all situations. As Chief Justice Weintraub aptly stated in New Capitol Bar & Grill Corp. v. Div. of Employment Security, 25 N.J. 155 (1957):
Hence cases inevitably arise in which a literal application of the language used would lead to results incompatible with the legislative design. It is the proper function, indeed the obligation, of the judiciary to give effect to the obvious purpose of the Legislature, and to that end "words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms." [at 160]
We have considered the underlying background and objectives of this legislation and are satisfied that our construction should be governed by the "common sense of the situation," Jersey City Chap. Prop. Owners v. City Council, 55 N.J. 86, 100 (1969), rather than "scholastic strictness." Using this yardstick, "it is not the words but the internal sense of the act that controls." San-Lan Builders, Inc. v. Baxendale, 28 N.J. 148, 155 (1958).
We are unable to envision any motivation for a legislative intent to prohibit an owner from invoking N.J.S.A. 2A:18-53(a) to immediately reside in a newly acquired two-family home. We are satisfied the Legislature cannot *434 reasonably be deemed to have intended that such a purchaser is precluded from doing so except upon permanently retiring the newly purchased premise from the rental housing market paragraph (h), or running the risk and vagaries of a not "unconscionable rent increase" paragraph (f), or waiting for a "good cause" situation to arise.
The incongruity of such a situation is further buttressed by the recognition that an owner already residing in a two-family home is excepted from N.J.S.A. 2A:18-61.1 and may oust a month-to-month tenant also residing therein pursuant to N.J.S.A. 2A:18-53(a) and in one month may occupy the entire premises, whereas, if defendants' position is sustained herein plaintiff may not reside in one of the two dwelling units unless "good cause" is established.
In our view such a result is simply not consonant with equity or reason and we should reach the result probably intended by the draftsman had he anticipated the situation at hand. Dvorkin v. Dover Tp., 29 N.J. 303, 315 (1959); In re Summit and Elizabeth Trust Co., 111 N.J. Super. 154, 168 (App. Div. 1970). Accordingly, we conclude that one who purchases a two-family premises for the express purpose of immediately residing therein renders the premises "owner-occupied" within the meaning and intendment of that phrase as used in N.J.S.A. 2A:18-61.1.
In reaching this conclusion we perceive no subversion of the statutory objectives, since permitting plaintiff to invoke the notice provisions of N.J.S.A. 2A:18-53(a) and reside in one of two dwelling units of his newly purchased home cannot be deemed an arbitrary or unfair ouster of the tenant which this legislation commendably seeks to avoid. Rather the contrary appears.
Accordingly, the judgment of possession is affirmed and the matter is remanded to the Essex County District Court for further proceedings not inconsistent with this opinion.