217 N.J. Super. 199 (1986)
524 A.2d 1357
ICILDA MANNING, PLAINTIFF,
v.
NICK HANCHER, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Essex County.
Decided October 28, 1986.
*200 Gerald R. Poss, Esq. for the plaintiff (Rudd & Poss, Esqs., Attorneys)
John M. Schadegg, Esq. for the Defendant (Community Mental Health Law Project)
FAST, J.S.C.
This is an amended opinion [with the same conclusion as originally made] in an action for the summary dispossession of a tenant from an apartment at 707 Stuyvesant Avenue, Irvington, N.J. The building is currently occupied by the landlord's family plus a rent paying tenant on the third floor and a rent paying tenant (defendant Hancher) on part of the second floor. The remainder of the second floor, and the first floor, are occupied by the landlord's family. [At the time of the trial, part of the landlord's family was sleeping in a room in the basement; since that date, I have been advised that those family members formerly occupying the basement have moved upstairs and occupy part of the premises already occupied by the landlord. That fact is not material to this decision, however.]
The landlord served the defendant Hancher with a two month notice to quit. The notice said, along with the usual printed-form provisions: "Your lease is terminated as the owner seeks to personally occupy the unit in which you are residing." That language tries to satisfy the language of N.J.S.A. 2A:18-61.1l (3). The tenant did not move out, and the landlord brought this action for summary dispossession.
*201 The issue presented is the definition of "residential unit" as used in N.J.S.A. 2A:18-61.1. The issue appears not to have been resolved in any reported New Jersey case where a building has more than one residential unit occupied by the landlord's family. This case also differs from Puttrich v. Smith, 170 N.J.Super 572 (App.Div., 1979) because that did not relate to a building wholly occupied for residential uses. Likewise in that case, the landlord attempted to justify the eviction on the theory that he was retiring the unit, but not the building, from the rental market.
A summary dispossession action is based upon statutory authority only; it is not a common law remedy. The statutory bases could be under either N.J.S.A. 2A:18-53 or 2A:18-61.1. Because statutory relief, these bases must be strictly construed in order to accomplish the intended objectives.
N.J.S.A. 2A:18-53 refers to N.J.S.A. 2A:18-61.1 and states that summary dispossess actions against residential tenants may be had under it only where N.J.S.A. 2A:18-61.1 does not control. The introductory paragraph (an integral part of the legislative section) of N.J.S.A. 2A:18-61.1 refers to "owner-occupied premises with not more than two rental units or a hotel, motel ... rented to a transient guest or seasonal tenant..." The statute does not exclude rental units occupied by the landlord, nor does it say, for example, units actually rented to rent paying tenants. At the same time, it must be noted that subsection l(3) uses the phrase "residential units".
There are four rental units in the subject building. The perspective is the structure, not the nature of the occupants. There are two separate rental units on the second floor, and one each on the first and third floors. Based on the testimony, I find that there are two rental units occupied by the landlord, including one of the units on the second floor. Each of these units is currently divisible; each is a separate "rental unit." The fact that the landlord's family occupies two rental units does not make them any the less a rental unit. Because it is a *202 four unit residential building, the landlord must satisfy the requirements of N.J.S.A. 2A:18-61.1, rather than 2A:18-53.
The provisions of subsection l(3) are consistent with the introductory provisions of section 61.1. Subsection l(3) contemplates that the landlord/owner is not yet an occupant of that building. Once the owner legally occupies a building with no more than 2 other rental units, the landlord may act under N.J.S.A. 2A:18-53. This result would seem to have been presaged by the case of G.D. Management Co. v. Negri, 182 N.J.Super 409, 412 (App.Div., 1982) where it was said:
"If emphasis is placed on the definitional standard of a building rented to three or more family units, then, as condominium units become owner occupied, the last two tenants remaining would suddenly have lost their pre-existing protection."
Likewise, if a four unit rental building became vacant unit by unit and the owner moved in unit by unit, then the last two tenants would lose their pre-existing protection. I find that that was not the contemplation of the legislature; it certainly was not within the language of the legislature. Based on N.J.S.A. 2A:18-61.1, the landlord cannot evict a tenant from a residential four unit building for his own use. Accordingly, the complaint seeking possession based on the subject notice is dismissed.