228 N.J. Super. 199 (1988)
549 A.2d 456
JOSE AND ESTELLA DURRUTHY, PLAINTIFFS-RESPONDENTS,
v.
ALEXANDER BRUNERT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1988.
Decided October 19, 1988.
*200 Before Judges GAULKIN, BILDER and R.S. COHEN.
Cesar E. Torres argued the cause for appellant (Hudson County Legal Services Corp., attorneys).
Susan B. Persky, of the Massachusetts Bar, admitted pro hac vice, argued the cause for respondents (Persky & Persky, attorneys).
The opinion of the court was delivered by GAULKIN, P.J.A.D.
The principal issue raised in this tenancy appeal is whether the owner of a building having two residential and two commercial units can properly invoke N.J.S.A. 2A:18-61.1(l)(3), which permits the owner of a building "of three residential units or less" to remove a tenant upon a showing that he "seeks to personally occupy a unit." We hold that the owner of a mixed-use building does have recourse to the statute; we overrule the contrary holding of Cabrera v. Mordan, 220 N.J. Super. 373 (Law Div. 1987).

*201 I.
Plaintiffs own a three-story building in Union City. The first floor has two commercial units, presently occupied by a bakery and a butcher shop. Each of the two upper floors has one apartment. Plaintiffs live in the third-floor apartment and also operate the bakery. Defendant is a month-to-month tenant of the second floor apartment.
On October 20, 1986, plaintiffs gave defendant notice that his tenancy would be terminated on January 1, 1987. The notice set forth that "owner of 2-family seeks to personally occupy apartment"[1] and cited N.J.S.A. 2A:18-61.1(l)(3). Defendant failed to vacate the apartment and plaintiffs filed this action for possession. Following a series of hearings over several months, the trial judge entered judgment in favor of plaintiffs, holding that N.J.S.A. 2A:18-61.1(l)(3) permitted plaintiffs to remove defendant to occupy the apartment. Defendant appeals. The judgment of possession was stayed pending appeal.
N.J.S.A. 2A:18-61.1, commonly called the Anti-Eviction Act, prohibits removal of certain residential tenants without "good cause" as defined in the statute. Subsection (l)(3), on which plaintiffs rely, provides that "good cause" for removal is established by a showing that:
The owner of a building of three residential units or less seeks to personally occupy a unit, or has contracted to sell the residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing. N.J.S.A. 2A:18-61.1(l)(3).
The issue here is the meaning of "a building of three residential units or less." Does that mean a building which consists only of three residential units or less, or does it mean any building which includes, along with any other uses, not more than three residential units? We are satisfied that the latter reading is the proper one.
*202 The Act is intended "to protect residential tenants from the effects of what the Legislature has deemed to be a severe shortage of rental housing in this state." Harden v. Pritzert, 178 N.J. Super. 237, 240 (App.Div. 1981). The statute is framed to afford "residential tenants the right, absent good cause for eviction, to continue to live in their homes without fear of eviction or lease non-renewal and thereby to protect them from involuntary displacement." Morristown Mem. Hosp. v. Wokem Mtge. & Realty, 192 N.J. Super. 182, 186 (App.Div. 1983) (citations omitted).
In defining the rights of residential tenants, however, the Legislature also assured that owners would have certain rights to enjoy their properties. The Act provides not only that "good cause" can exist where an owner seeks to personally occupy a residential unit but also that the "good cause" requirements are not applicable with respect to "owner-occupied premises with not more than two rental units." N.J.S.A. 2A:18-61.1.[2] The purpose of those complementary provisions is evident: to assure that the owner of a building with a small number of residential units can reside in his own building and have some control over the persons with whom he lives. Cf. Fresco v. Policastro, 186 N.J. Super. 204, 206 (Cty.D.Ct. 1982).
Nothing in the language or design of the Act suggests that the Legislature intended the presence of commercial uses to affect the rights of either residential tenants or owners. The Act focuses solely on buildings and other premises "leased for residential purposes" (N.J.S.A. 2A:18-61.1) and nowhere adverts to commercial tenancies, buildings or uses. The presence of commercial uses in a building having three residential units *203 or less is totally irrelevant to the purposes of the Act, which delineates the rights of owners and residential tenants according to the number of residential units in the building. The owner's interests which the Legislature sought to protect are no less significant or compelling when his building has some commercial use in addition to its "three residential units or less." We find no reason to infer that the Legislature intended that the owner of a mixed-use building would be deprived of the right accorded by subsection (l)(3) simply because the building has some commercial uses.
We therefore conclude that the owner of a building containing three residential units or less may invoke N.J.S.A. 2A:18-61.1(l)(3) even though his building also contains commercial space. Cabrera v. Mordan, supra, which holds to the contrary, is overruled.

II.
Although we sustain plaintiffs' right to remove defendant if they intend to "personally occupy" his unit, the record before us does not justify such a finding. The testimony taken at the various hearings was fragmented and incomplete; neither the witnesses nor counsel focused on the factual question whether plaintiffs had adequately proved their asserted bona fide intention to occupy defendant's second-floor apartment in addition to the third-floor apartment which they already occupied. Moreover, we cannot disregard the fact that the judgment of possession was entered almost a year ago. Whatever plans plaintiffs might have had last year cannot fairly be the basis for defendant's present removal under subsection (l)(3). Accordingly, we must vacate the judgment of possession and remand the matter to the trial court for a de novo hearing in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] We reject defendant's contention that the notice to quit was deficient for failing to "specify in detail the cause of the termination." N.J.S.A. 2A:18-61.2.
[2] Plaintiffs urge that the judgment for possession can be sustained because their premises are owner occupied and have only one "rental unit," the residential unit occupied by defendant. Apparently plaintiffs did not seek defendant's removal, nor did the trial court base its judgment, on that ground. We therefore do not address the contention. But see Couey v. Sterling, 224 N.J. Super. 581 (Law Div. 1988).