237 N.J. Super. 492 (1989)
568 A.2d 145
JOHN A. AND NINETTA PAPPAS, PLAINTIFF,
v.
OSCAR HUEZO, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Hudson County.
Decided July 19, 1989.
*493 Scott W. Bazzani for plaintiff.
Ellen Boylan for defendant (Timothy J. Madden, attorney).
HORNSTEIN, J.S.C.
This is a complaint for dispossession of a tenant pursuant to N.J.S.A. 2A:18-53. A complaint was filed May 10, 1989. Hearing was held May 24, 1989. The parties did not testify, but there was an agreed stipulation of facts as follows.
Plaintiff and his wife are owners of a mixed use, two-story, three-unit building located at 7221 Bergenline Avenue, North Bergen.
The plaintiff-husband is a dentist and he uses the ground-floor unit as his office for the practice of dentistry. The second floor contains two units. One unit at the rear of the building was formerly used as a residential apartment. It is now vacant. The other unit, a front apartment, is occupied by defendant-tenant. It is a six-room apartment for which defendant pays $475 a month rent. There is no written lease agreement between the parties.
Plaintiff-dentist desires to enlarge his office space for his professional practice and desires defendant's apartment for that purpose.
A notice to quit dated February 1989 was served both personally and by certified mail upon defendant. The notice terminated the tenancy as of May 1, 1989. Any defects in the notice to quit were waived.
Defendant has continued in possession of the apartment after May 1, 1989. Presumably, the rent for May, and now, June and July has not been accepted by the landlord and we will proceed on that basis.
Plaintiffs claim they are exempt from the provisions of N.J.S.A. 2A:18-61.1  the "good cause for eviction statute."
N.J.S.A. 2A:18-61.1 states:

*494 No lessee or tenant ... may be removed by ... the Superior Court from any house, building, ... or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units ..., except upon establishment of one of the following grounds as good cause....
Defendant contends the good-cause-for-eviction statute is applicable in that the words "owner-occupied" mean owner-occupied as a residence. Therefore, since the unit on the first floor is used as a dental office by one of the plaintiffs, it does not qualify to exempt plaintiffs from the provisions of N.J.S.A. 2A:18-61.1.
In the recent case of Durruthy v. Brunert, 228 N.J. Super. 199 (App.Div. 1988), the court stated that the wording in the preliminary paragraph of N.J.S.A. 2A:18-61.1 (quoted above) is complementary to subparagraph 1(3) in which latter provision the statute clearly mentions residential units.
The court went on to express as follows:
The purpose of those complimentary provisions is evident: to assure that the owner of a building with a small number of residential units can reside in his own building and have some control over the persons with whom he lives. [228 N.J. Super. at 202; citations omitted]
Webster's Ninth New Collegiate Dictionary (1985) defines the word "occupy" as: "3a: to take or hold possession or control of ... 4: to reside in as an owner or tenant." [Id. at 817]
Both from the definition of the word "occupy" in the dictionary as meaning, to reside in a place, and from the language of the Appellate Division decision in the Durruthy case, it would appear that the words "owner-occupied" in the first paragraph of the "good cause" statute are restricted to mean residential occupancy.
Since plaintiff-dentist (it should be noted here that neither plaintiff "occupys" the dental office) does not use the office to live there, plaintiffs are not exempt from the provisions of N.J.S.A. 2A:18-61.1.
Judgment will, therefore, be entered in favor of the defendant. The complaint will be dismissed.