581 A.2d 134
JAMES J. SHEEHAN, PLAINTIFF, v. MARTA ROCCO, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County
Special Civil Part Tenancy

Decided March 16, 1990.

*James J. Sheehan,* Pro Se.

*Daniel Cronin* of Bergen County Legal Services for Marta Rocco.

## OPINION

MEEHAN, J.S.C.

This matter is before the court on a summary dispossess action pursuant to *N.J.S.A.* 2A:18–53 et seq. The plaintiff contends that *N.J.S.A.* 2A:18–61 *et seq.* does not apply to his premises as they are owner occupied with two rental units.

The plaintiff is the owner of premises that has three residential units and a tavern on the premises. Plaintiff owns and operates the tavern and lives in one of the residential units. The defendant has been a tenant on the second floor for a number of years going back to before plaintiff purchased the premises.

When plaintiff purchased the premises, there was the tavern and two residential units. Then one of the residential units,

which was on the first floor, was vacated and became part of the tavern. Thereafter, the plaintiff converted the third floor, previously vacant, into two apartments and has occupied one of those units since it was completed in 1988.

The plaintiff has served all the proper notices. The issue presented is whether the building is exempt from the provisions of *N.J.S.A.* 2A:18–61.1 because it is an "owner-occupied premises with not more than two rental units ..."

The New Jersey landlord tenant statutes uniformly have relieved certain owner-occupied premises from the impact of the statute. The relieving clause appears in various ways and with various clauses. The Anti–Eviction Statute, *N.J.S.A.* 2A:18–61.-1, excepts from for cause eviction "owner-occupied premises with not more than two rental units. The Truth in Renting Law, *N.J.S.A.* 46:8–44, placed its exception under its definition of landlord where it excepts as landlord "... owner-occupied premises of not more than three dwelling units ..." In the Landlord Registration Act, *N.J.S.A.* 46:8–27, the exception is located in its definition of landlord when it stated "provided that this definition shall not include owner-occupied two unit premises." Under *N.J.S.A.* 2A:18–61.1(*l* )(3) there is a provision which permits eviction for an owner who wants to occupy a unit in a building with three or less residential units.

This hodge-podge of exceptions from the landlord-tenant statutes creates the problem of what is meant in *N.J.S.A.* 2A:18–61.1 when it states that its anti-eviction provisions do not apply to "owner-occupied premises with no more than two rental units." In *Manning v. Hancher,* 217 *N.J.Super.* 199, 524 *A.*2d 1357 (Law Div.1986) the court states:

> Once the owner legally occupies a building with no more than two other rental units, the the landlord may act under *N.J.S.A.* 2A:18–53.

*See also Couey v. Sterling,* 224 *N.J.Super.* 581, 540 *A.*2d 1359 (Law Div.1988) which makes the same finding. *See also Durruthy v. Brunert,* 228 *N.J.Super.* 199, 202, 549 *A.*2d 456 (App.Div.1988) in footnote 2, which speaks of "rental unit". *Durruthy, supra,* has decided the issue that commercial use is

not relevant in regard to residential uses. These rulings were consistent with the interpretation of the exception clause by the Appellate Division in *Kabakian v. Kobert*, 188 *N.J.Super.* 517, 457 *A.*2d 1229 (App.Div.1983). When referring to what "owner-occupied with two rental units" meant, stated that, "that exception has been interpreted to include a building of three or fewer residential units." *Kabakian* at 519, 457 *A.*2d 1229 citing *Bradley v. Rapp*, 132 *N.J.Super.* 429, 334 *A.*2d 61 (App.Div. 1975), certif. den. 68 *N.J.* 149, 343 *A.*2d 437 (1975).

The commentators have agreed that the proper interpretation of the phrase owner-occupied with two rental units is three residential units. *Tenant–Landlord Practice*, by Kenneth E. Meiser, Esq., which is the leading book on this entire topic has stated:

> *N.J.S.A.* 2A:18–61.1 exempts only two classes of rental residences from the eviction for good cause act: (1) owner occupied premises with not more than two rental units (see *Bradley v. Rapp, supra*, which held that if a person purchases a two or three unit dwelling for purposes of immediately residing there the premises becomes "owner-occupied" within the meaning of *N.J.S.A.* 2A:18–61.1); (2) a hotel, motel, or other guest house or part thereof rented to a transient guest or seasonal tenant. The *Bradley* situation is not controlled by *N.J.S.A.* 18–61.1(1)(3).

The statutory wording is clear. An owner occupant who has two rental units or less is not bound by the provisions of *N.J.S.A.* 2A:18–61, which requires specific grounds for an eviction of a residential tenant. The court should give words in a statute their ordinary meanings absent specific intent to the contrary. *Mortimer v. Board of Review*, 99 *N.J.* 393, 493 *A.*2d 1 (1985). When one uses the phrase "rental units" it clearly states that those units are rented units. Owner-occupied units just are not rented units.

For the phrase to mean only two units is to deny any purpose or meaning to the word "rental". *See Mortimer, supra*. Rental is used as an adjective to define and modify unit. Unit is defined in the landlord tenant statute as:

> Any room or rooms, or suite or apartment thereof, whether furnished or unfurnished, which is occupied, or intended, arranged or designed to be occupied for sleeping or dwelling purposes by one or more persons, including but

not limited to, the owner thereof, or any of his servants, agents or employees, and shall include all privileges, services, furnishings, furniture, equipment, facilities and improvements connected with the use or occupancy thereof. *N.J.S.A.* 46:8–38.

This court disagrees with the interpretation in *Surace v. Pappachristou*, 236 *N.J.Super.* 81, 564 *A.*2d 134 (Law Div. 1989), which holds the phrase "owner occupied with no more than two rental units" to mean owner occupied two unit premises. If the legislature had intended this phrase to mean a "two-unit premises" it could have used that terminology or just eliminated the word rental from the phrase. Each word in a statute should be considered and a word should not be made superfluous. See, *Matter of Sussex County Mun. Utilities Authority*, 198 *N.J.Super.* 214, 486 *A.*2d 932 (App.Div.1985).

The legislature adopted *N.J.S.A.* 2A:18–61.1 on the very same day that it adopted *N J.S.A.* 46:8–27. They were enacted as Chapters 49 and 50, Laws of New Jersey 1974, respectively. The exception wording shows that the legislature intended for the word rental to have meaning. In *N.J.S.A.* 46:8–27, the words owner-occupied two and three unit premises was used. In 1981, it was amended and now reads owner-occupied two unit premises. For the court to ignore the word "rental" in *N.J.S.A.* 2A:18–61.1 would be to change its obvious meaning. As these same bills were before the legislature, they knew that they were not using the same words and intended to limit the application of the Anti–Eviction Statute to premises with two rental units; *e.g.,* two units rented out and not owner-occupied. The legislative intent that owner-occupied premises with no more than two rental units did not mean owner occupied of two units could not be clearer. Different words were used to achieve different results.

All interpretations of the phrase "owner-occupied with not more than two rental units" have been in accordance with its

plain language, except *Surace*.[1] The phrase "with two rental units" should be interpreted in its reasonable logical meaning of "in addition or plus". When one sees an advertisement for three rooms with bath, one reasonably expects to find three rooms, distinct and separate, with the bath being an extra room.

For the above-cited reasons, this court finds that "owner-occupied with no more than two rental units" means that the owner-occupant must reside in one residential unit and there be not more than two residential units that are rented for a total of no more than three residential units. As the plaintiff's premises met with the requirements of that exception, the premises are not subject to the Anti–Eviction Statute. *N.J.S.A.* 2A:18–61, *et seq.* Judgment of possession is entered in favor of the plaintiff and against the defendant.

---

[1]*Surace, supra,* has two reasons for its finding. The second dealt with reducing the number of units in the premises. This decision does not treat that issue.