242 N.J. Super. 234 (1990)
576 A.2d 335
ROBERT W. DEMPSEY AND KATHLEEN TORTORA, PLAINTIFFS-APPELLANTS,
v.
ANGELA MASTROPASQUA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 4, 1990.
Decided July 5, 1990.
*236 Before Judges J.H. COLEMAN, MUIR, Jr., and SKILLMAN.
Arthur E. Balsamo, attorney for appellants (Frank Tortora, on the brief and letter reply brief).
Ronald Schwartz, attorney for respondent (Ronald Schwartz, on the letter brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
The Anti-Eviction Act, N.J.S.A. 2A:18-61.1, exempts from its provisions owner-occupied premises with not more than two rental units. This appeal raises three issues concerning the meaning of the exemption: (1) whether a bona fide owner of 3.5 per cent of the premises can qualify for owner-occupier status; (2) whether a building with three residential units and, therefore, three potential rental units, qualifies for the exemption when one unit is owner-occupied; and (3) whether the Anti-Eviction Act provides a tenant with continued protection of its provisions when an occupier, subsequent to the tenant's occupation, acquires ownership so as to factually satisfy the exemption terms.
The trial judge found the exemption did not apply to an occupier with a bona fide 3.5 per cent ownership of the premises. The judge also found the exemption did not apply to a structure with three residential units even though one was owner-occupied. The judge further decided the exemption could not be enforced against defendant because her tenancy pre-dated the time when the premises factually qualified for the exemption. We disagree with all three rulings and reverse. In the process, we overrule Surace v. Pappachristou, 236 N.J. Super. 81, 564 A.2d 134 (Law Div. 1989), to the extent it is contrary to our holding here.
The facts are undisputed. Plaintiff Dempsey purchased the three-apartment residential structure in 1972. Shortly after the *237 purchase, plaintiff Tortora, Dempsey's daughter, entered into possession of the largest of the three apartments, approximately one-half of the building. In the late 1970's, Dempsey rented one of the remaining apartments to defendant. Dempsey rented out the third apartment until April 1989, at which time he took possession of that apartment.[1] On July 27, 1989, Dempsey served defendant with the notice to quit which served as the basis for the complaint filed in this case.
Also, on July 27, 1989, Dempsey, a widower, began implementing a plan to make gifts of some of his assets to his two daughters without incurring Federal Gift Taxes. On that date, the 68-year-old Dempsey deeded 3.5 per cent of the subject premises to his plaintiff daughter. Dempsey had the deed recorded in the Bergen County Clerk's Office. The 3.5 per cent represented a value of approximately $10,000, an amount he could give his daughter without paying Federal Gift Taxes. At the same time, Dempsey made a comparably valued gift to his other daughter. The trial judge found the conveyance bona fide. The judge recognized the conveyance to be part of a plan of "disposition of assets" to the natural objects of Dempsey's bounty and accepted Dempsey's credibility as to the intent of the gift.
When the case came on for trial, the judge took testimony on the issue of jurisdiction only. Plaintiffs contended N.J.S.A. 2A:18-53 applied, while defendant contended N.J.S.A. 2A:18-61.1 applied. The trial judge, relying in part on Surace v. Pappachristou, supra, ruled in favor of defendant on grounds previously recited, and this appeal followed.
*238 In any case involving application of a statute, we must construe the plain meaning of the statute and apply it to the facts. The meaning of a statute first must be sought in the language in which it is framed and, if it is plain, our sole function is to enforce it according to its terms. See Sheeran v. Nationwide Mutual Insurance Company, Inc., 80 N.J. 548, 556, 404 A.2d 625 (1979). When a statute is clear and unambiguous on its face, it is not open to construction or interpretation. See Vreeland v. Byrne, 72 N.J. 292, 302, 370 A.2d 825 (1977). We may not disregard plain statutory language to replace it with an unenacted legislative intent, because such action would constitute the undemocratic process of judicial lawmaking.
The language of the Anti-Eviction Act does not suggest, in any way, that an owner must have a certain percentage of ownership before that person qualifies for the owner-occupier exemption. The word "owner" conveys a meaning of nothing more than the emoluments of title. Such emoluments may rest in more than one person. Indeed, they may rest in many persons so that as co-tenants or tenants in common they have an undivided interest in the entire property. See Newman v. Chase, 70 N.J. 254, 267, 359 A.2d 474 (1976).
The trial judge found "3.5 per cent does not bespeak the necessary quantum of ownership" to qualify for the exemption although the judge admitted he had trouble determining what percentage of ownership would qualify. The short answer is that the Legislature did not qualify the word "owner" when it wrote the statute. Consequently, when a bona fide percentage of ownership exists, the person possessing it qualifies for owner-occupier status under N.J.S.A. 2A:18-61.1. See Cima v. Elliott, 224 N.J. Super. 436, 440, 540 A.2d 918 (Law Div. 1988).
The plain language of the act also does not limit the exemption to buildings with two residential units as the trial judge concluded. The words "two rental units" refer to two units capable of being rented or actually rented. Obviously, an owner-occupied unit is not rented or capable of being rented. *239 Hence, the exception applies to a building with three residential units, one of which is occupied by an owner personally. See Kabakian v. Kobert, 188 N.J. Super. 517, 519, 457 A.2d 1229 (App.Div. 1983); Manning v. Hancher, 217 N.J. Super. 199, 202, 524 A.2d 1357 (Law Div. 1986). The statutory language identifies the use to which the two units are put and not the number of units in the structure. See Durruthy v. Brunert, 228 N.J. Super. 199, 203, 549 A.2d 456 (App.Div. 1988), certif. den. 114 N.J. 482, 555 A.2d 607 (1989). Hence, to the extent Surace v. Pappachristou, supra, holds to the contrary, we overrule it.
Finally, the act does not set forth any language that suggests the exemption is preempted by a "pre-conversion" tenant as held in Surace and as found here. See id. 236 N.J. Super. at 89, 564 A.2d 134. To suggest that it does is simply inappropriate judicial legislation. Such reasoning also makes an anomaly out of that part of the act which provides to an owner or prospective owner good cause to evict if an owner chooses to move into one of three residential units. See N.J.S.A. 2A:18-61.1(l)(3). If the trial judge's holding were to prevail, an owner could evict a tenant from one of three residential units, move in, and not gain the benefit of the exemption. Such a construction would countervail the complementary purpose of the exemption and N.J.S.A. 2A:18-61.1(l)(3) which assure an owner of a building, with a small number of residential units, can reside in the building and have control over the persons with whom an owner lives. See Durruthy v. Brunert, supra, 228 N.J. Super. at 202, 549 A.2d 456.
Reversed and remanded for a hearing under N.J.S.A. 2A:18-53.
NOTES
[1] The trial judge found Dempsey did not qualify for owner-occupier status due to the limited time he spent in the apartment and other factors. The judge likened owner-occupier status to legal residence status and found the limited contact Dempsey had with the apartment precluded his qualifying as an owner-occupier. Because we choose to resolve this appeal on other grounds, we do not rule on that aspect of the judge's holding. However, we do not intend our holding should in any way imply we agree with the trial judge on that issue.